# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| Shirley L. Phelps-Roper, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-04156-FJG |
| | ) | |
| Chris Koster, in his official capacity as Attorney General for the State of Missouri, | ) | |
| | ) | |
| Mark Goodwin, in his official capacity as Prosecuting Attorney for Carroll County, | ) | |
| | ) | |
| Jeremiah W. Nixon, in his official capacity as Governor for the State of Missouri, | ) | |
| | ) | |
| Colonel James F. Keathley, in his official capacity as Superintendent of the Missouri State Highway Patrol, | ) | |
| | ) | |
| Angie Hemphill Wright, in her official capacity as Prosecuting Attorney for Laclede County, | ) | |
| | ) | |
| Raymond Blackburn, in his official capacity as Chief of the Lebanon Police Department, | ) | |
| | ) | |
| Richard E. Wrinkle, in his official capacity as Sheriff of Laclede County, and | ) | |
| | ) | |
| Laclede County Missouri, | ) | |
| | ) | |
| **Defendants** | ) | |

## ANSWER OF DEFENDANT RAYMOND BLACKBURN
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant Raymond Blackburn, ("Defendant Blackburn") and for his

Answer to Plaintiff Shirley Phelps-Roper's Second Amended Complaint ("Plaintiff's Amended

Complaint"), states as follows:

1

1.	Answering the paragraph 1 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

2.	Answering the paragraph 2 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Plaintiff's Amended Complaint purports to raise the question of the validity of Section 578.501 RSMo and Section 578.502 RSMo under the Constitution of the United States of America. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

3.	Answering paragraph 3 of Plaintiff's Amended Complaint, Defendant Blackburn denies the allegations therein contained.

4.	Answering paragraph 4 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Plaintiff's Amended Complaint purports to seek the entry of a declaratory judgment with respect to Section 578.501 RSMo and Section 578.502 RSMo as well as injunctive relief and nominal damages. Further answering, Defendant Blackburn denies that he has ever enforced or threatened to enforce Section 578.501 RSMo or Section 578.502 RSMo. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

5.	Answering paragraph 5 of Plaintiff's Amended Complaint, Defendant Blackburn admits the allegations therein contained.

6.	Answering paragraph 6 of Plaintiff's Amended Complaint, Defendant Blackburn admits that venue is correct in the United States District Court for the Western District of Missouri, Southern Division.  Further answering, Defendant Blackburn denies each and every additional allegation contained in the paragraph.

7.      Answering paragraph 7 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

8.      Answering paragraph 8 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

9.      Answering paragraph 9 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

10.      Answering paragraph 10 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Defendant Koster, in his capacity of Attorney General of the State of Missouri, is authorized to "institute, in the name and on the behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state, and enforce any and all rights, interests or claims against any and all persons, firms or corporations in whatever court or jurisdiction such action may be necessary; and he may also appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved," pursuant to Section 27.060, RSMo.  Further Answering, Defendant Blackburn admits that Defendant Koster, in his capacity of Attorney General of the State of Missouri, when directed by the Governor of the State of Missouri, "shall aid any prosecuting or circuit attorney in the discharge of their respective duties in the trial courts and in examinations before grand juries, and when so directed by the trial court, he may sign indictments in lieu of the prosecuting attorney," pursuant to Section 27.030, RSMo.  Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

3

11.     Answering paragraph 11 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Defendant Goodwin was the Prosecuting Attorney for Carroll County, Missouri. Further answering, Defendant Blackburn admits that generally, Prosecuting Attorneys in the State of Missouri are authorized to "commence and prosecute all civil and criminal actions in the prosecuting attorney's county in which the county or state is concerned," pursuant to Section 56.060, RSMo.  Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

12.     Answering paragraph 12 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Defendant Nixon is the current Governor of the State of Missouri, having taken office in January, 2009. Further answering, Defendant Blackburn admits that the "supreme executive power" of the State of Missouri is vested in the Governor, pursuant to Article 4, Section 1 of the Missouri Constitution, and that the Governor is responsible to "take care that the laws are distributed and faithfully executed, and shall be a conservator of the peace throughout the state," pursuant to Article 4, Section 2 of the Missouri Constitution.  Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

13.     Answering paragraph 13 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Defendant Keathley is the Superintendent of the Missouri State Highway Patrol, which has the "primary purpose . . . to enforce the traffic laws and promote safety upon the highways" in the State of Missouri, pursuant to Section 43.025.1 RSMo. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

14.     Answering paragraph 14 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Defendant Wright is the Prosecuting Attorney for Laclede County, Missouri.  Further answering, Defendant Blackburn admits that generally, Prosecuting Attorneys in the State of

4

Missouri are authorized to "commence and prosecute all civil and criminal actions in the prosecuting attorney's county in which the county or state is concerned," pursuant to Section 56.060, RSMo. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

15. Answering paragraph 15 of Plaintiff's Amended Complaint, Defendant Blackburn admits that he was Interim Chief of Police for the City of Lebanon, Missouri from May 27, 2008 until September 29, 2008, and was during that time responsible for supervision of the City's Police Department. Further answering, Defendant Blackburn denies that he has an "official capacity" in that he is retired. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

16. Answering paragraph 16 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Defendant Wrinkle is the Sheriff of Laclede County, Missouri. Further answering, Defendant Blackburn admits that generally, Defendant Wrinkle has the responsibility and authority provided to a Sheriff in an Third Class Missouri County by Chapter 57 of the Missouri Statutes. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

17. Answering paragraph 17 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

18. Answering paragraph 18 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Section 578.501, 578.502 and 578.503 RSMo are currently statutes of the State of Missouri. Further answering, Defendant Blackburn admits that Sections 578.501, 578.502 and 578.503 RSMo state what they state. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

19.     Answering paragraph 19 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Sections 578.501, 578.502 and 578.503 RSMo are currently statutes of the State of Missouri.  Further answering, Defendant Blackburn admits that Sections 578.501, 578.502 and 578.503 RSMo state what they state.  Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

20.     Answering paragraph 20 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

21.     Answering the paragraph 21 of Plaintiff's Amended Complaint, Defendant Blackburn states  that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied. Further answering, Defendant Blackburn denies that he was present at or had any authority whatsoever concerning any events described in this paragraph.

22.     Answering the paragraph 22 of Plaintiff's Amended Complaint, Defendant Blackburn states  that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

23.     Answering the paragraph 23 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Sections 578.501 and 578.502 state that they "shall be known as Spc. Edward Lee Myers Law."  Further answering, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

24.     Answering the paragraph 24 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

6

25.     Answering the paragraph 25 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

26.     Answering the paragraph 26 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Sections 578.501 and 578.502 state, in part, that "[v]iolation of this section is a class B misdemeanor, unless committed by a person who has previously pled guilty to or been found guilty of a violation of this section, in which case the violation is a class A misdemeanor." Further answering Defendant Blackburn admits that a person who is convicted of a Class A or Class B misdemeanor in the State of Missouri could be incarcerated and/or receive a fine. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

27.     Answering the paragraph 27 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

28.     Answering the paragraph 28 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

29.     Answering the paragraph 29 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and they are therefore denied.

30.     Answering the paragraph 30 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and they are therefore denied.

31.     Answering the paragraph 31 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in subparagraphs A through H of this paragraph, and they are therefore denied.  Further answering, Defendant Blackburn denies that he, Defendant Wrinkle and Defendant Wright had "plans to protest in the City of Lebanon, Missouri on June 9, 2008," as alleged in subparagraph I of this paragraph. Further answering, Defendant Blackburn admits that he received a letter purportedly written by  Defendant Wright on June 6, 2008, which was addressed to Plaintiff and which stated that "Section 578.501 and 578.502 . . . will be vigorously enforced in Laclede County and violators prosecuted to the maximum extent possible under the law." Further answering, Defendant Blackburn denies that he observed any picketing or protest activities in front of or about any location at which the funeral for Specialist James M. Finley was held on June 9, 2008, in Lebanon, Missouri.  Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

32.     Answering paragraph 32 of Plaintiff's Amended Complaint, Defendant Blackburn states  that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

33.     Answering the paragraph 33 of Plaintiff's Amended Complaint, Defendant Blackburn states  that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

34.     Answering the paragraph 34 of Plaintiff's Amended Complaint, Defendant Blackburn states  that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

35. Answering paragraph 35 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in subparagraphs A through H of paragraph 31 and subparagraphs A through D of paragraph 32 and they are therefore denied. Further answering with respect to the allegations contained in subparagraph I of paragraph 31 and subparagraph E of paragraph 32, Defendant Blackburn denies each and every such allegation. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

36. Answering paragraph 36 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation contained in this paragraph.

37. Answering the paragraph 37 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

## COUNT I

Comes Now Defendant Blackburn and for his Answer to Count I of Plaintiff's Amended Complaint, states and avers as follows:

38. Answering the paragraph 38 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 37 of this Answer.

39. Answering paragraph 39 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

40. Answering paragraph 40 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

41. Answering paragraph 41 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

42. Answering paragraph 42 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

43. Answering paragraph 43 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

44. Answering paragraph 44 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

45. Answering paragraph 45 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

46. Answering paragraph 46 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

47. Defendant Blackburn denies each and every additional allegation contained in Count I of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count I of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT II

Comes Now Defendant Blackburn and for his Answer to Count II of Plaintiff's Amended Complaint, states and avers as follows:

48. Answering the paragraph 47 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 47 of this Answer.

10

49.     Answering paragraph 48 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Section 578.503 RSMo states in pertinent part that "[t]he enactment of section 578.502 shall become effective only on the date the provisions of section 578.501 are finally declared void or unconstitutional by a court of competent jurisdiction and upon notification by the attorney general to the revisor of statutes."  Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

50.     Answering paragraph 49 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

51.     Answering paragraph 50 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

52.     Answering paragraph 51 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

53.     Answering paragraph 52 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

54.     Answering paragraph 53 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

55.     Answering paragraph 54 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

56.     Answering paragraph 55 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

57.     Answering paragraph 56 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

58.     Defendant Blackburn denies each and every additional allegation contained in Count II of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count II of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT III

Comes Now Defendant Blackburn and for his Answer to Count III of Plaintiff's Amended Complaint, states and avers as follows:

59.     Answering the paragraph 57 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 58 of this Answer.

60.     Answering paragraph 58 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

61.     Answering paragraph 59 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

62.     Answering paragraph 60 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

63.     Defendant Blackburn denies each and every additional allegation contained in Count III of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count III of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT IV

Comes Now Defendant Blackburn and for his Answer to Count IV of Plaintiff's Amended Complaint, states and avers as follows:

64.     Answering the paragraph 61 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 63 of this Answer.

65.     Answering paragraph 62 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Section 578.503 RSMo states in pertinent part that "[t]he enactment of section 578.502 shall become effective only on the date the provisions of section 578.501 are finally declared void or unconstitutional by a court of competent jurisdiction and upon notification by the attorney general to the revisor of statutes." Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

66.     Answering paragraph 63 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

67.     Answering paragraph 64 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

68.     Answering paragraph 65 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

69.     Defendant Blackburn denies each and every additional allegation contained in Count IV of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count IV of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT V

Comes Now Defendant Blackburn and for his Answer to Count V of Plaintiff's Amended Complaint, states and avers as follows:

70.     Answering the paragraph 66 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 69 of this Answer.

71.     Answering paragraph 67 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

72.     Answering paragraph 68 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

73.     Answering paragraph 69 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

74.     Defendant Blackburn denies each and every additional allegation contained in Count V of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count V of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT VI

Comes Now Defendant Blackburn and for his Answer to Count VI of Plaintiff's Amended Complaint, states and avers as follows:

14

75. Answering the paragraph 70 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 74 of this Answer.

76. Answering paragraph 71 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Section 578.503 RSMo states in pertinent part that "[t]he enactment of section 578.502 shall become effective only on the date the provisions of section 578.501 are finally declared void or unconstitutional by a court of competent jurisdiction and upon notification by the attorney general to the revisor of statutes." Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

77. Answering paragraph 72 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

78. Answering paragraph 73 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

79. Answering paragraph 74 of Plaintiff's Amended Complaint, Defendant Blackburn denies each and every allegation therein contained.

80. Defendant Blackburn denies each and every additional allegation contained in Count VI of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count VI of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT VII

Comes Now Defendant Blackburn and for his Answer to Count VII of Plaintiff's Amended Complaint, states and avers as follows:

81.     Answering the paragraph 75 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he restates and realleges the answers, denials and averments contained in paragraphs 1 through 80 of this Answer.

82.     Answering paragraph 76 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

83.     Answering paragraph 77 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

84.     Answering paragraph 78 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

85.     Answering paragraph 79 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

86.     Answering paragraph 80 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the

extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

87.     Further answering, Defendant Blackburn states that Count VII does not allege a cause of action against him.  To the extent that Count VII does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in Count VII.

Wherefore, Defendant Blackburn respectfully requests that Count VII of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT VIII

Comes Now Defendant Blackburn and for his Answer to Count VIII of Plaintiff's Amended Complaint, states and avers as follows:

88.     Answering the paragraph 81 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he restates and realleges the answers, denials and averments contained in paragraphs 1 through 87 of this Answer.

89.     Answering paragraph 82 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

90.     Answering paragraph 83 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the

extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

91.     Answering paragraph 84 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

92.     Answering paragraph 85 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

93.     Answering paragraph 86 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

94.     Further answering, Defendant Blackburn states that Count VIII does not allege a cause of action against him.  To the extent that Count VIII does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in Count VIII.

Wherefore, Defendant Blackburn respectfully requests that Count VIII of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT IX

Comes Now Defendant Blackburn and for his Answer to Count IX of Plaintiff's Amended Complaint, states and avers as follows:

95. Answering the paragraph 87 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he restates and realleges the answers, denials and averments contained in paragraphs 1 through 94 of this Answer.

96. Answering paragraph 88 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

97. Answering paragraph 89 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

98. Answering paragraph 90 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

99. Answering paragraph 91 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

100. Answering paragraph 92 of Plaintiff's Amended Complaint, Defendant Blackburn states that this paragraph does not allege a cause of action against him. Further answering, to the

extent that this paragraph does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in this paragraph.

101.    Further answering, Defendant Blackburn states that Count IX does not allege a cause of action against him. To the extent that Count IX does allege a cause of action against Defendant Blackburn, he denies each and every allegation contained in Count IX.

Wherefore, Defendant Blackburn respectfully requests that Count IX of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT X

Comes Now Defendant Blackburn and for his Answer to Count X of Plaintiff's Amended Complaint, states and avers as follows:

102.    Answering the paragraph 93 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 101 of this Answer.

103.    Answering paragraph 94 of Plaintiff's Amended Complaint, Defendant Blackburn denies that he "threatened to vigorously enforce Sections 578.501 and 578.502 against Plaintiff and members of her church and to prosecute them to the maximum extent of the law." Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

104.    Answering paragraph 95 of Plaintiff's Amended Complaint, Defendant Blackburn denies that he "failed to enforce, or even threaten to enforce Sections 578.501 and 578.502 against counter-protestors who had a different viewpoint than Plaintiff and instead allowed persons with a different viewpoint to engage in picketing and protests without respect to Sections

578.501 and 578.502." Further answering, Defendant Blackburn denies that he observed any picketing or protest activities, including "counter-protestors", in front of or about any location at which the funeral for Specialist James M. Finley was held on June 9, 2008 in Lebanon, Missouri. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

105.    Answering paragraph 96 of Plaintiff's Amended Complaint, Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegation that "[n]o reasonable law enforcement official in the position of Defendants Blackburn, Wrinkle, and Wright would be unaware that it is unconstitutional to enforce, or threaten to enforce, or threaten to enforce, restrictions on speech in a viewpoint discriminatory manner." in that he: (1) is not, and has never been an attorney at law; (2) is not and has never been a prosecutor; (3) is not and never has been a Sheriff; and, (4) was not aware of any court ruling that had been made with respect to the constitutionality of Sections 578.501 and 578.502. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

106.    Answering paragraph 97 of Plaintiff's Amended Complaint, Defendant Blackburn denies that at any time relevant to this law suit he has been an employee, agent or representative of Laclede County, Missouri. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

107.    Defendant Blackburn denies each and every additional allegation contained in Count X of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count X of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT XI

Comes Now Defendant Blackburn and for his Answer to Count XI of Plaintiff's Amended Complaint, states and avers as follows:

108.    Answering the paragraph 98 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 107 of this Answer.

109.    Answering paragraph 99 of Plaintiff's Amended Complaint, Defendant Blackburn denies that he threatened to enforce Section 578.502 against Plaintiff or any other person. Further answering, Defendant Blackburn denies each and every additional allegation contained in this paragraph.

110.    Defendant Blackburn denies each and every additional allegation contained in Count XI of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count XI of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT XII

Comes Now Defendant Blackburn and for his Answer to Count XII of Plaintiff's Amended Complaint, states and avers as follows:

111.     Answering the paragraph 100 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 110 of this Answer.

112.     Answering paragraph 101 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Section 578.503 states what it states. Further answering, Defendant Blackburn, he denies each and every additional allegation contained in this paragraph.

113.     Answering paragraph 102 of Plaintiff's Amended Complaint, Defendant Blackburn admits that Section 1.130 states what it states. Further answering, Defendant Blackburn, he denies each and every additional allegation contained in this paragraph.

114.     Answering paragraph 103 of Plaintiff's Amended Complaint, Defendant Blackburn states that Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

115.     Defendant Blackburn denies each and every additional allegation contained in Count XII of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count XII of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## **COUNT XIII**

Comes Now Defendant Blackburn and for his Answer to Count XIII of Plaintiff's Amended Complaint, states and avers as follows:

116.    Answering the paragraph 104 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 115 of this Answer.

117.    Answering paragraph 105 of Plaintiff's Amended Complaint, Defendant Blackburn states that Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

118.    Defendant Blackburn denies each and every additional allegation contained in Count XIII of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count XIII of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## COUNT XIV

Comes Now Defendant Blackburn and for his Answer to Count XIV of Plaintiff's Amended Complaint, states and avers as follows:

119.    Answering the paragraph 106 of Plaintiff's Amended Complaint, Defendant Blackburn restates and realleges the answers, denials and averments contained in paragraphs 1 through 118 of this Answer.

120.    Answering paragraph 107 of Plaintiff's Amended Complaint, Defendant Blackburn states that Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

121.     Answering paragraph 108 of Plaintiff's Amended Complaint, Defendant Blackburn states that Defendant Blackburn states that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and they are therefore denied.

122.     Defendant Blackburn denies each and every additional allegation contained in Count XIV of Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Count XIV of Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

123.     Defendant Blackburn denies each and every additional allegation contained in Plaintiff's Amended Complaint.

Wherefore, Defendant Blackburn respectfully requests that Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

## **AFFIRMATIVE DEFENSES**

Comes Now Defendant Blackburn and for his Affirmative Defenses to Plaintiff's Amended Complaint, states and avers as follows:

124.     The admissions, denials and averments set forth in paragraphs 1 through 123 are incorporated herein by reference.

125.     Plaintiff's claims fail to state a claim upon which relief can be granted against Defendant Blackburn that Plaintiff is barred from recovery against Defendant Blackburn by the concepts of governmental, sovereign, official immunity and/or qualified immunity.

Plaintiffs' claims pursuant to 42 U.S.C. § 1983 ("Section 1983") are barred as a matter of law in part because Plaintiffs were not deprived of a property or liberty interest.

126.    Plaintiff's claims, in whole or in part, are barred by the doctrine of laches.

127.    Plaintiff's claims are barred because she has failed to mitigate her damages.

128.    Plaintiff is not entitled to reasonable attorney's fees.

Wherefore, Defendant Blackburn respectfully requests that Plaintiff's Amended Complaint be dismissed with respect to him and that the Court grant him is costs and attorney's fees.

Respectfully submitted,

**ELLIS, ELLIS, HAMMONS & JOHNSON, P.C.**

By   /s/ Ransom A Ellis, III
        Ransom A Ellis, III
        Missouri Bar No. 29129
        901 St. Louis Street, Suite 600
        Springfield, MO  65806-2505
        (417) 866-5091
        (417) 866-1064                (facsimile)
        rellis3@eehjfirm.com        (e-mail)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the attorneys of record for each party to this action, to-wit:

Anthony E. Rothert
American Civil Liberties Union of Eastern MO
454 Whittier Street
St. Louis, MO 63108

Benicia Baker-Livorsi
6 Westbury Drive
St. Charles, MO 63301

Jeremiah J. Morgan
Deputy Solicitor General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102

Michael G. Berry
Michael G. Berry, LLC
221 Bolivar Street
Suite 100
Jefferson City, MO 65101

Maureen Beekley
Assistant Attorney General
Office of the Attorney General
P.O. Box 861
815 Olive, Suite 215
St. Louis, MO 63188

by electronically filing and thereafter depositing same in the United States mail at Springfield,

Missouri, postage prepaid, duly addressed to said attorneys on this 18th day of June, 2009.

_/s/ Ransom A Ellis, III_

27