# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SHIRLEY PHELPS-ROPER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4156-CV-C-FJG |
| ) | |
| CHRIS KOSTER, et al., ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are (1) Motion and Supporting Suggestions to Dismiss Plaintiff's Second Amended Complaint as against Defendants Koster and Nixon for Lack of Jurisdiction under the Eleventh Amendment, to Dismiss Challenges to §§ 578.502 and 578.503 for Lack of Jurisdiction on Ripeness Grounds, and to Dismiss Counts XII and XIII for Failure to State a Claim (Doc. No. 110); (2) Plaintiff's Motion to Modify Preliminary Injunction (Doc. No. 116); and (3) Plaintiff and Defendants Wright, Wrinkle, and Laclede County, Missouri's Motion for Entry of Consent Judgment (Doc. No. 129). Each will be considered below.

**I.    Background**

Plaintiff, a member of the Westboro Baptist Church in Topeka, Kansas, filed this lawsuit on July 21, 2006. On February 25, 2009, she filed her First Amended Complaint, and on May 1, 2009, she filed her Second Amended Complaint. Plaintiff alleges that the members of her church believe that homosexuality is a sin and an abomination. See Doc. No. 106, ¶ 7. She further alleges that church members believe that God is punishing America for the sin of homosexuality by killing Americans, including soldiers. Id. Plaintiff states that she and other church members express their religious views through picketing and protesting. Id. at ¶ 8. She indicates that the purpose of picketing and protesting near funerals is to use an available public platform to publish the church members' religious message: that God's promise of love and heaven for those who obey him in this life is

counterbalanced by God's wrath and hell for those who do not. Id. at ¶ 9. Plaintiff indicates that funerals are the only place where her religious message can be delivered in a timely and relevant manner. Id.[1]

In 2006, Missouri enacted Mo. Rev. Stat. § 578.501 (2006) (which criminalizes picketing "in front or about" a funeral location) and Mo. Rev. Stat. § 578.502 (2006) (which, in the event 578.501 is declared unconstitutional, criminalizes picketing within 300 feet of a funeral location, see Mo. Rev. Stat. § 578.503 (2006)). Plaintiff states that these laws invade her First Amendment rights. Plaintiff has named as defendants: Chris Koster, in his official capacity as Attorney General for the State of Missouri; Mark Goodwin, in his official capacity as Prosecuting Attorney for Carroll County; Jeremiah W. Nixon, in his official capacity as Governor for the State of Missouri; Colonel James F. Keathley, in his official capacity as Superintendent of the Missouri State Highway Patrol; Angie Hemphill Wright, in her official capacity as Prosecuting Attorney for Laclede County; Raymond Blackburn, in his official capacity as Chief of the Lebanon Police Department; Richard E. Wrinkle, in his official capacity as Sheriff of Laclede County, and Laclede County, Missouri.

In her Second Amended Complaint, plaintiff brings claims for: (1) Count I, against all defendants - Section 578.501 is unconstitutional under the free speech provisions of the First Amendment; (2) Count II, against all defendants - Section 578.502 is unconstitutional under the free speech provisions of the First Amendment; (3) Count III, against all defendants - Section 578.501 is unconstitutional under the Free Exercise Clause of the First Amendment; (4) Count IV, against all defendants - Section 578.502 is unconstitutional under the Free Exercise Clause of the First Amendment; (5) Count V, against all

---

[1] Although the exact content of plaintiff's group's speech at funerals of soldiers is not part of the record in this matter to-date, the Court notes that in previous funeral protests, plaintiff's church has conveyed messages such as "God Hates Fags"; "No Fags in Heaven"; "Fags are Worthy of Death, Rom. 1:32"; "Turn or Burn"; "Fag Church"; "God's Hate is Great"; and "Hate is a Bible Value." See Phelps v. Hamilton, 122 F.3d 1309, 131 (10th Cir. 1997).

2

defendants - Section 578.501 is unconstitutional under the freedom of association provisions of the First Amendment; (6) Count VI, against all defendants - Section 578.502 is unconstitutional under the freedom of association provisions of the First Amendment; (7) Count VII, against defendant Goodwin - Plaintiff's constitutional right to free speech under the First Amendment has been infringed by Defendant Goodwin's overbroad enforcement of § 578.501; (8) Count VIII, against defendant Goodwin - Plaintiff's constitutional rights under the Free Exercise Clause of the First Amendment have been infringed by Defendant Goodwin's overbroad enforcement of § 578.501; (9) Count IX, against defendant Goodwin - Plaintiff's constitutional right to free association under the First Amendment has been infringed by Defendant Goodwin's overbroad enforcement of § 578.501; (10) Count X, against defendants Blackburn, Wrinkle, and Wright - Plaintiff's constitutional right to free speech under the First Amendment has been infringed by Defendants' viewpoint discriminatory enforcement of §§ 578.501 and 578.502; (11) Count XI, against defendants Blackburn, Wrinkle, and Wright - Violation of Due Process for threatening to enforce Mo. Rev. Stat. § 578.502; (12) Count XII, against all defendants - Sections 578.502 and 578.503 violate Missouri statutory provisions as to the effective date of these statutes; (13) Count XIII, against all defendants - Sections 578.502 and 578.503 violate Separation of Powers Provisions of the Missouri Constitution; and (14) Count XIV, against all defendants - Sections 578.502 and 578.503 are unconstitutionally vague while failing to provide due process under the Fourteenth Amendment.

Plaintiff seeks (1) a declaratory judgment finding Mo. Rev. Stat. §§ 578.501 and 578.502 unconstitutional; (2) a preliminary and permanent injunction enjoining enforcement of § 578.501; (3) upon making a final declaration that § 578.501 is unconstitutional or void, declaring §§ 578.502 and 578.503 unconstitutional or violative of Missouri law and entering preliminary and permanent injunctions as to these statutes; (4) nominal damages against defendants other than Koster, Nixon, and Keathley; and (5) costs, including reasonable attorneys fees, pursuant to 42 U.S.C. § 1988.

**II. Motion and Supporting Suggestions to Dismiss Plaintiff's Second Amended Complaint as against Defendants Koster and Nixon for Lack of Jurisdiction under the Eleventh Amendment, to Dismiss Challenges to §§ 578.502 and 578.503 for Lack of Jurisdiction on Ripeness Grounds, and to Dismiss Counts XII and XIII for Failure to State a Claim (Doc. No. 110)**

Defendants Koster, Nixon and Keathley move to dismiss (in part or in whole) the claims in plaintiff's Second Amended Complaint (Doc. No. 106). Defendants seek: (1) dismissal of plaintiff's claims in their entirety against defendants Koster and Nixon due to Eleventh Amendment immunity; (2) dismissal of plaintiff's challenges to Mo. Rev. Stat. §§ 578.502 and 578.503 as those claims are not yet ripe for adjudication; (3) dismissal of Count XII for failure to state a claim upon which relief can be granted; (4) dismissal of Count XIII for failure to state a claim upon which relief can be granted; and (5) absention of this Court's consideration of plaintiff's challenges to §§ 578.502 and 503. Each of these grounds for dismissal or abstention will be considered below.

### A. Eleventh Amendment immunity as to Koster and Nixon

Defendants Koster and Nixon argue that the Eleventh Amendment bars this lawsuit against them.[2] The Court will analyze this motion as a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12 (b)(1), for the Court to dismiss on the basis of lack of subject matter jurisdiction, the defendant must successfully challenge the complaint either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge such as this, all factual allegations regarding jurisdiction are presumed to be true and the motion may only succeed if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. Id. Dismissal for lack of subject matter jurisdiction will not be granted lightly. Wheeler v. St. Louis SW Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996).

---

[2]Notably, these defendants did not raise Eleventh Amendment immunity as an affirmative defense in their original Answer, Doc. No. 20, filed on September 21, 2006, and apparently did not raise Eleventh Amendment immunity before the Eighth Circuit on appeal of this Court's order on plaintiff's motion for preliminary injunction.

4

Defendants Koster and Nixon are being sued only in their official capacities. The Eleventh Amendment bars claims for monetary damages against state officials sued in their official capacities, unless certain exceptions are met. See Randolph v. Rogers, 170 F.3d 850, 859 (8th Cir. 1999). However, it does not appear that plaintiff seeks monetary damages as to these two defendants; plaintiff's claims as to these defendants are for a declaratory judgment and prospective injunctive relief related to Missouri's funeral protest statutes. "A State's Eleventh Amendment immunity 'does not bar a suit against a state official to enjoin enforcement of an allegedly unconstitutional statute, provided that such officer [has] some connection with the enforcement of the act.'" Missouri Protection and Advocacy Services, Inc. v. Carnahan, 499 F.3d 803, 807 (8th Cir. 2007) (quoting Reprod. Health Servs. of Planned Parenthood of the St. Louis Region, Inc. v. Nixon, 428 F.3d 1139, 1145 (8th Cir. 2005)).

Defendants Koster and Nixon argue that neither of them have the authority to enforce the Missouri statutes at issue, and thus they are protected by Eleventh Amendment immunity. Defendants Koster and Nixon argue instead that the local prosecutors are authorized to prosecute criminal offenses (see Mo. Rev. Stat. § 56.060), and in the absence of statutory authority, the Missouri Attorney General can only prosecute cases upon appointment by a circuit judge (Mo. Rev. Stat. §§ 56.110, 56.120 and 56.130), and may only provide requested aid to local prosecutors at the direction of the governor (Mo. Rev. Stat. § 27.030). Defendants state that plaintiff has not alleged that defendant Koster has been appointed by a circuit judge or directed by defendant Nixon to prosecute such a case. Defendants Koster and Nixon also similarly argue that plaintiff cannot meet the jurisdictional requirements of standing.

Plaintiff, in her response, states that, treating her allegations in her second amended complaint as true and viewing all reasonable inferences in her favor, she has sufficiently stated claims against defendants Nixon and Koster to survive the motion to dismiss. In particular, plaintiff points to allegations regarding the Attorney General and Governor's

5

statutory authority (¶¶ 10 and 12 of the Second Amended Complaint), and the previous Governor's public remarks (¶¶ 24, 25, and 28 of the Second Amended Complaint). Plaintiff notes that the Attorney General and the Governor, working together, can enforce state criminal statutes (see Mo. Rev. Stat. § 27.030), and that there is nothing preventing these two defendants from undertaking to prosecute plaintiff for alleged violations of the statutes at issue in this matter. Plaintiff further notes that in order to receive a preliminary injunction, a plaintiff must demonstrate a probability of success on the merits, and that the Eighth Circuit has already found that plaintiff has demonstrated a likelihood of success on the merits as to these defendants. See Phelps-Roper v. Nixon, 545 F.3d 685, 694 (8th Cir. 2008). Plaintiff further notes another case in which the Eighth Circuit has found that the Missouri Attorney General has a connection with the enforcement of state statutes sufficient to reject Eleventh Amendment immunity. See Missouri Protection and Advocacy Services, Inc. v. Carnahan, 499 F.3d 803, 807 (8th Cir. 2007). Plaintiff also notes that, without addressing the Eleventh Amendment, the Eighth Circuit has found that the Attorney General may be enjoined from enforcing a different statute that violated the First Amendment. Passions Video, Inc. v. Nixon, 458 F.3d 837 (8th Cir. 2006).

After reviewing the parties' briefs and viewing plaintiff's allegations as true, the Court finds that plaintiff has sufficiently alleged a connection between these defendants and the enforcement of the statutes at issue in this matter.[3] Further, given that the Eighth Circuit has already found that plaintiff had demonstrated a probability of success on the merits as to these defendants sufficient for the grant of a preliminary injunction, the Court is not willing to find, based on the slim record before it, that defendants are entitled to Eleventh

---

[3]Further, the Court notes that this case proceeded for nearly three years, at both the District and Circuit levels, without defendants raising the issue of Eleventh Amendment immunity. Without making a decision as to this issue at this time (as this issue was raised by neither of the parties), the Court notes that, in certain circumstances, Eleventh Amendment immunity may be waived by the conduct of the parties in litigation. See Hankins v. Finnel, 964 F.2d 853, 856-58 (8th Cir. 1992).

Amendment immunity. Therefore, the Court finds that, at this stage of the proceedings, defendants Nixon and Koster's motion to dismiss on the basis of Eleventh Amendment immunity should be **DENIED**.

### B. Ripeness of challenges to Mo. Rev. Stat. §§ 578.502 and 578.503

Defendants Nixon, Koster, and Keathley argue that plaintiff's challenges to Mo. Rev. Stat. §§ 578.502 and 578.503 are not ripe for adjudication. Plaintiff's challenges to these statutes are contained in Counts II, IV, VI, X, XI, XII, XIII, and XIV of plaintiff's Second Amended Complaint (Doc. No. 106).

As noted by defendants, the basic rationale for the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Nebraska Public Power District v. MidAmerican Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2000)(internal quotation omitted). In order for the Court to determine whether a case is ripe for judicial review, the Court must consider (1) the "fitness of the issues for judicial review" and (2) "the hardship to the parties of withholding consideration." Id. (quotations omitted). Cases may not be fit for review if they are speculative or "contingent in part on future possibilities." Id. However, "[e]xception may be had where an issue is largely legal in nature, may be resolved without further factual development, or where judicial resolution will largely settle the parties' dispute." Id. (citations omitted). Further, with respect to the hardship prong, "an issue must be such that delayed review will result in significant harm," where "[h]arm includes both the traditional concept of actual damages - pecuniary or otherwise - and also the heightened uncertainty and resulting behavior modification that may result from delayed resolution." Id.

Defendants suggest that plaintiff's challenges to §§ 578.502 and 578.503 are not ripe for adjudication because § 578.502 does not become effective unless and until a court determines that § 578.501 is void or unconstitutional. See Mo. Rev. Stat. § 578.503. Thus, defendants argue that plaintiff's challenges are contingent upon a future event and may never become ripe for adjudication. Further, although defendant notes the exceptions

7

to the general rule of ripeness in the event that the question is largely legal in nature and delaying review would result in significant harm, defendant suggests that plaintiff cannot show that an early review is appropriate here, as this Court has preliminarily enjoined the enforcement of § 578.501, and plaintiff would be unable to show harm in requiring the Court to determine that constitutionality of § 578.501 before considering the validity of §§ 578.502 and 578.503. In the alternative, defendants suggest that this Court should stay plaintiff's claims related to §§ 578.502 and 578.503 until a decision as to the constitutionality of § 578.501 is made.

Plaintiff responds that she has made a sufficient showing that her claims as to §§ 578.502 and 578.503 are ripe for judicial determination. First, plaintiff notes that these issues are fit for judicial review, as the issues presented in this case are questions of law, and review of § 578.502 will require no factual inquiry beyond that which is required for a ruling as to § 578.501 given that the statutes are substantially the same.[4] Second, plaintiff argues that she has made a showing of significant hardship, in that uncertainty as to the legality of a course of action is a cognizable harm. See Nebraska Public Power District, 234 F.3d at 1039 (holding that "[w]here the uncertainty resulting from such a situation creates a sufficiently substantial financial risk, or will force parties to modify their behavior significantly, an issue may be ripe."). Plaintiff argues that she would face significant

---

[4]Subsection 2 of § 578.501 states:

> It shall be unlawful for any person to engage in picketing or other protest activities in front of or about any location at which a funeral is held, within one hour prior to the commencement of any funeral, and until one hour following the cessation of any funeral. Each day on which a violation occurs shall constitute a separate offense. Violation of this section is a class B misdemeanor, unless committed by a person who has previously pled guilty to or been found guilty of a violation of this section, in which case the violation is a class A misdemeanor.

Subsection 2 of § 578.502 is the same as § 578.501, except the words "in front of or about" found in § 578.501(2) are replaced with the words "within 300 feet" in § 578.502(2).

8

hardship in the form of uncertainty about the legality of her protests and pickets if this Court declined to consider her challenges to § 578.502.

After considering the parties' arguments as to this issue, the Court finds that plaintiff's challenges to §§ 578.502 and 578.503 should not be dismissed on ripeness grounds. The Court agrees with plaintiff that these issues are fit for judicial review, as the Court would be examining legal issues, and no factual inquiry will be necessary beyond that which will be necessary for an examination of § 578.501. Further, the Court believes that dismissing these claims now could cause significant hardship to plaintiff; in the event that § 578.501 may be found to be unconstitutional at a later time, § 578.502 would become effective, and plaintiff would once again be in a position of uncertainty as to the legality of her actions. Additionally, a stay of these claims would not benefit the parties or this Court; instead, the Court believes the better course of action is to allow these claims to remain pending while the Court considers the constitutionality of § 578.501. Defendants' motion to dismiss or stay proceedings on ripeness grounds is **DENIED.**

### C. Count XII

Defendants Nixon, Koster and Keathley argue that Count XII fails to state a claim upon which relief can be granted. In Count XII, plaintiff alleges that Mo. Rev. Stat. § 578.503 provides: "The enactment of section 578.502 shall become effective only on the date the provisions of section 578.501 are finally declared void or unconstitutional by a court of competent jurisdiction and upon notification by the attorney general to the revisor of statutes." Doc. No. 106, ¶ 101. Plaintiff alleges that this provision violates Mo. Rev. Stat. § 1.130, which provides that, absent special circumstances, a statute "takes effect ninety days after the adjournment of the session at which it is enacted." Doc. No. 106, ¶ 102. Plaintiff further alleges that Mo. Rev. Stat. §§ 578.501, 578.502, and 578.503 were enacted on July 6, 2006. Doc. No. 106, ¶ 103.

Defendant states that this claim fails as a matter of law, as (1) § 1.130 does not provide for statutes to go into effect within this 90-day period in every case, and instead §

9

1.130 includes exceptions to this general rule; and (2) plaintiff fails to allege in her Second Amended Complaint that §§ 578.502 and 578.503 do not fit into any of the "special circumstances" plaintiff admits are contemplated under § 1.130.

Plaintiff argues in opposition that she is not aware of any previous or other Missouri law that causes the effective date of a statute to be contingent on the determination that another statute is unconstitutional, and that defendants have cited to no such law. Plaintiff also notes that § 1.130 does not specifically permit a statute to be enacted on an unspecified future date based on events outside the control of the legislative branch of the government. Plaintiff thus states that she has sufficiently stated a claim upon which relief may be granted.

The Court finds that, at this stage of the litigation, plaintiff has sufficiently stated a claim in Count XII of her Second Amended Complaint that contains plausible allegations sufficient to sustain recovery under a viable legal theory. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). Defendant's motion to dismiss Count XII for failure to state a claim will be **DENIED.**

### D. Count XIII

Defendants Nixon, Koster, and Keathley argue that Count XIII fails to state a claim upon which relief can be granted. In Count XIII, plaintiff alleges that Mo. Rev. Stat. §§ 578.502 and 578.503 violate separation of powers provisions of the Missouri Constitution in that, "By tying the effective date of Mo. Rev. Stat § 578.502 to the finding that Mo. Rev. Stat. § 578.501 is unconstitutional, the legislature has delegated the legislative function of enacting a law to the judiciary and the executive branches of the Missouri government, in violation of Mo. Const. Art. 2, § 1." See Doc. No. 106, ¶ 105.

Defendants argue that this fails to state a claim, noting in full, "As plaintiff admits in Count XII, §§ 578.502 and 578.503 were *enacted* 'by the Ninety-Third General Assembly, Second Regular Session, on July 6, 2006.' Second Amended Complaint at ¶ 103. The legislature has not delegated its function of enacting laws. Section 578.503 simply sets the

10

effective date of § 578.502–the law (§ 578.502) has already been enacted." See Doc. No. 110, p. 7.

Plaintiff, however, notes in her opposition that § 573.502 has not yet been enacted, as § 573.503 provides, "The enactment of section 578.502 shall become effective only on the date the provisions of section 578.501 are finally declared void or unconstitutional by a court of competent jurisdiction and upon notification by the attorney general to the revisor of statutes." Plaintiff asserts that, by these terms, a court and the Attorney General will determine when and if § 578.502 is enacted, and this violates separation of powers principles.

At this stage of the litigation, the Court cannot find that plaintiff has failed to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Although defendants attempt to create an "admission" on behalf of plaintiff that these laws were "enacted" in 2006 based on her allegations contained in Count XII of her Second Amended Complaint, the Court notes that it is not uncommon for plaintiffs to plead causes of action in the alternative. This appears to be what plaintiff has done. Plaintiff's interpretation of the language contained in § 578.503 is plausible. Thus, the claim stated in Count XIII of plaintiff's Second Amended Complaint appear to contain plausible allegations sufficient to sustain recovery under a viable legal theory. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). Defendant's motion to dismiss Count XIII for failure to state a claim will be **DENIED.**

### E. Abstention as to plaintiff's challenges to §§ 578.502 and 578.503

Defendants Nixon, Koster, and Keathley argue that, even if the Court does not find plaintiff's challenges to §§ 578.502 and 578.503 to be subject to dismissal, plaintiff's claims that these statutes violate Missouri state law should be decided by a Missouri state court, not this Court. In particular, defendants note that Counts XII and XIII ask this Court to determine whether §§ 578.502 and 578.503 violate a specific Missouri statute governing when laws go into effect (Count XII) and whether these laws violate Missouri separation of

11

power principles (Count XIII). Defendants state that Pullman and/or Thibodaux abstention should apply to this case. See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

In response, plaintiff argues that a motion to dismiss is an improper forum for raising questions of abstention. Whether this is the appropriate time for raising these issues or not, the Court finds that defendants have not provided sufficient information to justify the Court's abstention from considering the issues raised in Counts XII and XIII in the plaintiff's Second Amended Complaint. For instance, as recognized by defendants, Pullman abstention generally involves litigation where a party raises a federal constitutional challenge to a state action where the state law is uncertain, and the state law must be susceptible of a construction that will eliminate the need to decided the federal constitutional question. Although it is possible that these factors exist in this case, the Court is not going to guess as to how to apply these factors without more analysis from the parties.[5] Therefore, defendants' motion to abstain will be **DENIED.** This denial is without prejudice to the later assertion of these issues in a more detailed manner.

### III. Plaintiff's Motion to Modify Preliminary Injunction (Doc. No. 116)

Plaintiff has moved that this Court modify its amended order granting preliminary injunction entered on January 30, 2009 (Doc. No. 75) to enjoin enforcement of Mo. Rev. Stat. § 578.501 by defendants Keathley, Wright, Blackburn, and Wrinkle. These

---

[5]Defendants' suggestions are very brief as to this point, taking less than two pages of its suggestions in support. See Doc. No. 110, pp. 7-9. The great majority of the motion to abstain is spent discussing the standards for Pullman or Thibodaux abstention, and defendants provide very little analysis beyond stating the standard and arguing generally that this Court should abstain. This is simply not sufficient for the Court to grant such a motion. Further, the Court notes that it is highly doubtful that Thibodaux abstention applies in this matter, as Thibodaux abstention generally applies to suits that "do not allege federal constitutional issues, but only state claims involving public policy problems of substantial import or local concern." See Mullenix, Redish & Vairo, Understanding Federal Courts and Jurisdiction, § 13.03, p. 444 (1998). Obviously, this case involves federal constitutional issues, in addition to the state issues asserted in Counts XII and XIII.

12

defendants were not parties to the case on January 30, 2009, but instead were added as parties when plaintiff filed her first amended complaint on February 25, 2009 (Doc. No. 82). Plaintiff requests that the Court modify the preliminary injunction entered such that each defendant, their officers, agents, servants, employees, attorneys and all persons acting in concert with them, or in connection with them, are enjoined from enforcing Mo. Rev. Stat. § 578.501.

Defendants Keathley, Wright, Blackburn, and Wrinkle filed no opposition to this motion. Instead, the only response to this motion by any of these defendants was filed by defendant Keathley, who stipulates that to the extent the preliminary injunction entered on January 30, 2009, remains in place, he will abide by and be bound by that preliminary injunction.

Therefore, for good cause shown, the Court will **GRANT** plaintiff's motion. The preliminary injunction entered on January 30, 2009 (Doc. No. 75) is **MODIFIED** so that the enforcement of Mo. Rev. Stat. § 578.501 is enjoined as to all defendants in this matter, their officers, agents, servants, employees, attorneys and all persons acting in concert with them or in connection with them until this case is resolved on its merits.

**IV.    Plaintiff and Defendants Wright, Wrinkle, and Laclede County, Missouri's Motion for Entry of Consent Judgment (Doc. No. 129)**

Plaintiff and defendants Wright, Wrinkle, and Laclede County, Missouri move this Court to approve, sign, and enter as a final judgment the parties' proposed consent judgment. These parties represent that Defendants Wright, Wrinkle and Laclede County, Missouri, have determined that it is in their best interest to enter into a Consent Judgment to resolve the underlying issues raised by Plaintiff's complaint against them. The terms of the proposed Consent Judgment permanently enjoin Defendants Wright and Wrinkle in their official capacities and Laclede County, Missouri, their employees, representatives, agents, servants, assigns, and successors, from enforcing or attempting to enforce Mo. Rev. Stat. §§ 578.501 and 578.502.

13

Defendants Koster, Nixon, and Keathley (collectively, "State defendants") oppose the stipulation and proposed consent judgment, noting that the Court has already enjoined enforcement of § 578.501, and with this preliminary injunction in place, there is no need for the Court to enter this proposed consent judgment. Further, the State defendants argue that, as they are defending the validity of the law and the Court has not yet made a final determination as to its validity, the proposed consent judgment is likely to cause confusion. The State defendants further note that it is improper for a state prosecuting attorney, county sheriff, and Missouri county to agree, through a consent judgment, that a validly enacted state law is unconstitutional and not subject to enforcement. Finally, the State defendants note that if plaintiff prevails in this action, such a judgment would likewise preclude the need for such a stipulation or consent judgment.

The Court notes that it has encountered a similar issue earlier in this matter, when plaintiff and defendant Goodwin filed a stipulation for entry of consent judgment on November 2, 2006 (Doc. No. 27). At that time, the Court found that the proper way to handle the issue was to wait until the Court had entered a final judgment as to the validity of the law. The Court believes that the current proposed consent judgment should be handled in the same way. Therefore, the Court defer ruling as to the propriety of the proposed consent judgment (Doc. No. 129) until a final judgment has been entered as to the constitutionality of Missouri's funeral protest statutes.

**V.     Conclusion**

Therefore, for the foregoing reasons:

(1)     The Motion and Supporting Suggestions to Dismiss Plaintiff's Second Amended Complaint as against Defendants Koster and Nixon for Lack of Jurisdiction under the Eleventh Amendment, to Dismiss Challenges to §§ 578.502 and 578.503 for Lack of Jurisdiction on Ripeness Grounds, and to Dismiss Counts XII and XIII for Failure to State a Claim (Doc. No. 110) is **DENIED**;

(2)     Plaintiff's Motion to Modify Preliminary Injunction (Doc. No. 116) is **GRANTED**; and

(3) A ruling on Plaintiff and Defendants Wright, Wrinkle, and Laclede County, Missouri's Motion for Entry of Consent Judgment (Doc. No. 129) is **DEFERRED** until a final judgment has been entered as to the constitutionality of Missouri's funeral protest statutes.

**IT IS SO ORDERED.**

    /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 10/16/09
Kansas City, Missouri