# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

Shirley Phelps-Roper,  )
                      Plaintiff,   )
vs.                                    )No.  06-4156-CV-C-FJG
Chris Koster, et al.,  )
                      Defendants.  )

## ORDER

The joint motion to extend certain dates (Doc. #188), filed March 9, 2010, is granted. The Court's third amended scheduling and trial order is amended as follows.

## FOURTH AMENDED SCHEDULING AND TRIAL ORDER

<u>Counsel should note that the scheduling and trial order indices are provided for their convenience only.  All parties are directed to review the entire text of this order.</u>  The schedules fixed herein will not be extended except for good cause shown and upon further written order of the Court.

**All documents shall be submitted in 12 point font form, double-spaced, and filed on ECF no later than 4:00 p.m. on the date the document is due.  Counsel should note that witness lists, exhibit lists and deposition designations shall be filed as separate documents.**

**Counsel are advised that protective orders shall be issued upon motion of counsel only.  This motion shall be filed with the proposed protective order provided as an attachment to the document.  The proposed protective order shall also be emailed to the courtroom deputy in non-pdf format at rhonda.enss@mow.uscourts.gov.**

### I.  SCHEDULING

INDEX

| | | |
|---|---|---|
| 1. | Close of discovery | February 5, 2010 |
| 2. | Motion to join additional parties | April 13, 2009 |

| | | |
|---|---|---|
| 3. | Motion to amend pleadings | April 13, 2009 |
| 4. | Motion for summary judgment | February 18, 2010 |
| | **Defendants' response** | **April 2, 2010** |
| 5. | Other motions | February 18, 2010 |
| 6. | Supplement to discovery response | Ten days before pretrial conference |
| 7. | Asserting party's expert affidavit(s) | July 20, 2009 |
| | Defending party's expert affidavit(s) | August 20, 2009 |
| | Rebuttal affidavit(s) | October 19, 2009 |
| | Challenges | November 19, 2009 |
| | Daubert motions | November 19, 2009 |

---

Pursuant to Rules 16(b) and 26(f), Fed. R. Civ. P., and upon consideration of the parties' proposals in the matter, the following time schedule is established.

1. **DISCOVERY** shall close as of January 11, 2010. **Close of discovery means that all discovery, including the taking of depositions, shall be completed not simply submitted on the date specified by this paragraph. Any last minute discovery submitted too late for the opposing side to timely discover may be stricken. Counsel should also note that the Court expects discovery to proceed in a timely manner. The filing of a dispositive motion does not preclude the parties from conducting discovery.**

    a. The Court reserves the right to exercise control over the taking of depositions in any case. The Court may either limit the total number of depositions or place a time limitation on the taking of depositions in general. **Any proposed deposition lasting longer than seven hours requires prior approval by the Court. Proposing counsel shall file a motion explaining the justification for such deposition(s).**

==b.== ==In the event that the parties are unsuccessful in reaching an==
==agreement on a proposed protective order, the Court refers the parties to the Manual for==
==Complex Litigation, Fourth § 40.27 for a sample protective order.==

        c.     Issues subject to protective orders under Fed. R. Civ. P. 26(c)(5) must be raised by written motion prior to the scheduling of said depositions citing the "good cause" in specific detail.

        d.     **Any discovery motion must be filed before the close of discovery, and in sufficient time for the Court to rule the motion.**  The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1.  Any discovery motion filed without complying with Local Rule 37.1 will be denied.

        e.     In the event that a teleconference is needed, please email your request to my chambers at marylynn.shawver@mow.uscourts.gov.  The request should include a typed description of the discovery dispute, using a 12 pitch font and not exceeding two pages in length.  These teleconferences are intended to resolve one or two issues that do not require authoritative briefing.  Where multiple and complex issues are involved, motion practice is appropriate.  If you have questions regarding the appropriateness of your dispute for a teleconference, please ask my judicial assistant.

    2.     Any **MOTION TO JOIN ADDITIONAL PARTIES** will be filed no later than April 13, 2009.  Where a motion to join additional parties is granted, plaintiff will telephone the Court's judicial assistant at (816)512-5630 to discuss a deadline for filing any proposed amendments to the scheduling and trial order.

    3.     Any **MOTION TO AMEND PLEADINGS** shall be filed not later than April 13, 2009.

    4.     All **MOTIONS FOR SUMMARY JUDGMENT** shall be filed no later than February 18, 2010.  Further, no motion for summary judgment will be entertained absent strict compliance with the following provisions:

a. Any motion for summary judgment shall fully comply with the provisions set forth in Local Rule 7.1; and

b. No deviations from Local Rule 7.1 will be allowed absent leave of Court obtained **PRIOR** to filing non-conforming documents. Unless prior Court approval is granted, motions for leave to deviate from Local Rule 7.1 that are filed contemporaneously with a non-conforming filing shall be denied.

c. Defendants' response to the filed motion for summary judgment shall be due no later than April 2, 2010.

5. All **OTHER MOTIONS**, except those which, under Rule 12(h)(2) or (3), Fed. R. Civ. P., may be made at any time, and except for motions in limine and discovery motions, shall be filed (with supporting suggestions) not later than February 18, 2010. Absent full compliance with Rule 7.1, these motions will be denied.

**6. Any supplement to discovery responses under Rule 26(e), Fed. R. Civ. P. will be filed no later than ten days before the scheduled pretrial conference. This obligation extends to expert affidavits.**

7. **EXPERT TESTIMONY.**

a. A party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705, Fed. R. Evid.

1. Standard discovery deadlines include submission of expert affidavits required by Rule 26(a)(2)(B), Fed. R. Civ. P. The affidavit requirement is subject to the provisions of Rule 26(b)(4) of said rules. Plaintiff shall submit its expert affidavit on or before July 20, 2009, defendant on or August 20, 2009, and rebuttal on or before October 19, 2009. These deadlines also apply to the submission of reports pursuant to subparagraph 7(e) of this order, as well as to identifying "fact" witnesses under 7(e)(1). No affidavits or reports are required for 7(e)(1) fact witnesses. Any challenge to the qualifications of a proposed expert, objections to the foundation of expert testimony, or

challenge to a 7(e)(1) fact expert must be submitted to the Court on or before November 19, 2009. The objecting party should cite specific reasons for its objection and cite any authority to support that position. Objections not raised by this deadline are waived and may not be raised for the first time at trial. Additionally, any motion to strike proffered expert testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), must be made by November 19, 2009.

        2.    **Any further discovery relative to the information and opinions reflected in the expert affidavits shall be by Court order**. The party requesting further discovery shall file a motion specifying what additional discovery is needed, and stating in detail why additional discovery is necessary. <u>This motion shall be filed within five days of the close of discovery</u>. The opposition to said request shall be filed within five days thereafter. Counsel should be advised that this request for additional discovery will not be automatically granted.

        b.    One of the **purposes of the expert affidavit** is to set forth the substance of a direct examination. If properly done, the expert affidavit should eliminate the need for deposing some experts. Consequently, the detailed statements in the affidavit are essential.

        c.    A party's expert witness will be permitted to testify at trial only in conformity with that witness's affidavit unless otherwise ordered by the Court.

        d.    Any expert affidavit to be submitted under this section shall be filed with this Court.

        e.    Treating physicians may testify as fact witnesses, expert witnesses, or both. To the extent that a treating physician may testify as an expert, compliance with 7(a)-(d) is required. To the extent that a treating physician may testify as a fact witness, production of an affidavit or records is not required, however the party intending to use such fact testimony shall disclose the name of that witness by the deadline indicated by

7(a)(1).

        1.     Fact Witnesses:   A treating physician will be considered a fact witness when testifying as to information developed or opinions drawn during the treatment of a patient so long as the information or opinions were necessary in furtherance of the patient's treatment. Examples of fact testimony include: the cause of the medical condition, the diagnosis, the prognosis and the extent of disability caused by the condition, if any. This is a non-exhaustive list of examples.

        2.     Expert Witnesses: A treating physician will be considered an expert witness when testifying outside the scope of 7(e)(1). Examples of expert testimony include: testimony as to medical matters unrelated to the actual care and treatment administered, testimony regarding the patient's previous care unrelated to the treatment at issue, and opinions that were not derived from the treating physician's personal knowledge of the case or were developed or acquired in anticipation of litigation. This is also a non-exhaustive list of examples.

        3.     For the purpose of this paragraph, a "treating physician" is a doctor including psychiatrist, dentist or other practitioner of the healing arts.

## II. TRIAL

### INDEX

| | | |
|---|---|---|
| | Pretrial teleconference | June 24, 2010 |
| | Trial setting | July 19, 2010 |
| 1. | Stipulation of facts | March 22, 2010 |
| 2. | Asserting party:<br>   Witness list, exhibit list | March 22, 2010 |
| 3. | Defending party:<br>   Witness list, exhibit list | March 29, 2010 |
| 4. | *In camera* witness lists<br>   Asserting party<br>   Defending party | <br>March 22, 2010<br>March 29, 2010 |

|  |  |  |
|---|---|---|
|  | **Asserting party estimate of cross-examination** | **April 9, 2009** |
| 5. | Deposition designations | |
|  | Asserting party designations | March 22, 2010 |
|  | Defending party objections, designations and counterdesignations | March 29, 2010 |
|  | Asserting party objections, counterdesignations | April 5, 2010 |
|  | Defending party objections to counterdesignations | April 12, 2010 |
| 6 | Stipulation to identity and authentication of exhibits | April 19, 2010 |
| 7. | Joint proposed instructions | April 26, 2010 |
| 8. | Asserting party: Voir dire questions, other instructions | May 3, 2010 |
| 9. | Defending party: Voir dire questions, other instructions | May 10, 2010 |
| 10. | Asserting party: Motions in limine, trial brief | May 17, 2010 |
| 11. | Defending party: Motions in limine, responses to motions in limine, trial brief | May 24, 2010 |
| 12. | Asserting party: Responses to motions in limine and trial brief | June 1, 2010 |
| 13. | Objections to proposed voir dire and proposed instructions | June 1, 2010 |

-----------------------------------------------------------------------------------------------------------------

Pretrial teleconference will be held on June 24, 2010 at 11:00 a.m. Counsel for plaintiff shall initiate the teleconference to the Court at telephone number 816-512-5630.

IT IS ORDERED that this cause be set for trial on the jury docket commencing July 19, 2010. The attorneys for the parties shall have the responsibility to maintain contact with the courtroom deputy at telephone number (816)512-5644 to determine its position on the docket. All matters will be heard in Chambers (Room 7552) and Courtroom 7C of the United States Courthouse, 400 East 9th Street, Kansas City, Missouri, unless otherwise

Case 2:06-cv-04156-FJG   Document 190   Filed 03/19/10   Page 7 of 12

notified by the courtroom deputy.

1. On or before March 22, 2010, the parties shall file a **STIPULATION OF ANY UNCONTROVERTED FACTS**. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter or personal jurisdiction, the parties shall file a joint statement to that effect.

2. On or before March 22, 2010, each **party asserting** an affirmative claim or claims for relief (plaintiff, third party plaintiff, counterclaiming defendant, cross-claiming defendant, etc.) shall serve and file:

   a. A **LIST OF ALL WITNESSES** (in alphabetical order) who may be called at trial by that party in connection with such claim or claims;

   b. A **LIST OF ALL EXHIBITS** which may be offered at trial by that party in connection with such claim or claims. Each exhibit so listed shall be pre-marked and numbered. If only a portion of an exhibit is to be offered, the portion to be offered shall be specifically identified. A copy of the exhibit index will be attached to the copy of the exhibit list.

3. On or before March 29, 2010, each **party defending** against an affirmative claim for relief shall serve and file:

   a. A **LIST OF ALL WITNESSES** (in alphabetical order) who may be called at trial by that party in connection with such defense;

   b. A **LIST OF ALL EXHIBITS** which may be offered at trial by that party in connection with such defense. Each exhibit so listed shall be pre-marked and numbered. If only a portion of an exhibit is to be offered, the portion to be offered shall be specifically identified. A copy of the index will be attached to the copy of the exhibit list.

4. **Each party** shall file an *in camera* **WITNESS LIST** which includes the subject matter that each witness will testify about and the exhibits each witness will identify or use; the length of time needed for direct examination of each witness; the order in which you

propose to call each witness; and the length of time you estimate is necessary to cross-examine the opposing side's witnesses. This list will be filed simultaneously with each party's witness list. Once opposing side's witnesses have been identified, you shall provide an estimate of the amount of time it will take to cross-examine those witnesses. This should be provided to the Court within **five days** of disclosure by the opposing side. **Plaintiff is granted an extension of time to April 9, 2009, in which to provide this estimate.**

*In camera* **submissions of witness lists must be electronically filed under seal** with leave of Court being waived. *Pro se* litigants may alternatively submit their *in camera* witness lists by emailing the document to the courtroom deputy at rhonda.enss@mow.uscourts.gov or providing a paper copy to her. Faxed copies of *in camera* witness lists will not be accepted.

**Please note that counsel may, if desired, file and serve the information detailed in paragraph 4 instead of making a separate *in camera* submission.**

5.  **DEPOSITION DESIGNATIONS.**

    a.  **Asserting party** shall file any designation by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case-in-chief in connection with such claim or claims no later than March 22, 2010.

    b.  **Defending party** shall file objections to proposed deposition testimony designated by any other party pursuant to subparagraph 5(a) no later than March 29, 2010.

    c.  **Defending party** shall file a designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties pursuant to subparagraph 5(a) no later than March 29, 2010.

    d.  **Defending party** shall file any designation by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case-in-chief in connection with such defense no later than March 29, 2010.

e. **Asserting party** shall file any <u>objections</u> to proposed deposition testimony designated by any other party pursuant to subparagraphs (5)(c)or (5)(b) no later than April 5, 2010.

f. **Asserting party** shall file a <u>designation</u>, by page and line number, of any deposition testimony to be offered as <u>cross-examination</u> to deposition testimony designated by any other party pursuant to subparagraph (5)(d) no later than April 5, 2010.

g. **Defending party** shall serve and file any <u>objections</u> to proposed deposition testimony designated by any other party pursuant to subparagraph (6)(f) on or before April 12, 2010.

h. **<u>Deposition designations, objections and counterdesignations shall be properly marked (color coded) and submitted to the Court 30 days before trial.</u>**

6. On or before April 19, 2010, the parties shall file a **STIPULATION TO THE IDENTITY AND AUTHENTICATION OF EXHIBITS**. If no exhibits can be stipulated to, the parties shall file a joint statement to that effect.

7. **INSTRUCTIONS:** all proposed instructions that the parties believe appropriate shall be taken from or drawn in the manner of Model Civil Jury Instructions for the Eighth Circuit. The Missouri Approved Instructions (MAI) may be used if there is no Eighth Circuit instruction available. On or before April 26, 2010, an original (without sources) and one copy (with sources) of all said instructions shall be emailed to the courtroom deputy in non-pdf format at [rhonda.enss@mow.uscourts.gov.](mailto:rhonda.enss@mow.uscourts.gov) If a non-MAI instruction is proposed (because none of the authoritative sources requested above have instructions on this subject), the source of such instruction should be provided. **<u>The Court expects to receive jointly agreed to instructions from the parties. Separate instructions are appropriate only where the parties cannot agree upon a specific instruction. In that instance, opposing counsel shall state in writing the reason for</u>**

**the objection with authority cited as well as an alternative instruction.**

    8.    On or before May 3, 2010, the **asserting party** shall serve and file:

    a.    All proposed voir dire questions;

    b.    All instructions which have not been agreed to by the defending parties.

    9.    On or before May 10, 2010, **party defending** shall serve and file:

    a.    All proposed voir dire questions;

    b.    All instructions which have not been agreed to by the asserting party;

    10.    On or before May 17, 2010, the **asserting party** shall serve and file:

    a.    All motions in limine, with supporting suggestions; and

    b.    Any desired trial brief.

    11.    On or before May 24, 2010, the **party defending** shall serve and file:

    a.    All motions in limine, with supporting suggestions, and/or any responses to earlier filed motions in limine; and

    b.    Any desired trial briefs and/or any responses to earlier filed trial briefs.

    12.    On or before June 1, 2010, the **asserting party** shall serve and file:

    a.    Any desired response to motions in limine; and

    b.    Any desired responses to earlier filed trial brief.

    13.    On or before June 1, 2010, **all parties** shall serve and file any objections to earlier filed proposed voir dire and proposed jury instructions.

    14.    The Court may place time limits on opening statements, and direct- and cross-examination of all witnesses. You should be prepared to support your representations as to the length of trial. (See paragraph 4 above.)

    15.    It is important that every moment the jury is in the Courthouse, except when they are on their recess, they should be seated in the jury box hearing testimony. In furtherance of that objective the following rules of Court will be imposed.

a. All legal issues must be raised in advance of trial by written motions and in accordance with the scheduling order of this Court. Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with written authority for their position.

b. Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner.

c. Motions for judgment as a matter of law submitted under Rule 50 shall be filed with the Court as soon as possible but no later than the night before the anticipated completion of testimony.

d. Witnesses who will be testifying from exhibits or about exhibits should review them immediately prior to their examination.

**PLEASE NOTE** that a witness not listed in accordance with this order will <u>not</u> be permitted to testify, except for good cause shown and with leave of Court; and that an exhibit not listed or deposition testimony not designated in accordance with this order will <u>not</u> be received in evidence, except for good cause shown and with leave of Court. All witnesses shall be instructed to be available for testimony as of the first day of trial scheduled herein, should the Court so require.

IT IS SO ORDERED.

<u>/s/Fernando J. Gaitan, Jr.</u>
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: <u>3/19/2010</u>
Kansas City, Missouri