IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHIRLEY L. PHELPS-ROPER, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No. 2:06-cv-04156-FJG |
| ) | |
| CHRIS KOSTER, et al. ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWERS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Attorney General Chris Koster, Governor Jeremiah W. (Jay) Nixon, and Col. Ronald K. Replogle, in their official capacities (collectively herein "State defendants"), respectfully request leave to amend their previously filed answers to plaintiff's Second Amended Complaint (Doc. 106) to include the additional affirmative defense of preemption. Allowing amendment would also allow the answers to reflect plaintiff's voluntary dismissal of Counts V, VI, and IX, defendant Replogle's substitution for defendant Keathley, and the correction of a typographical error in paragraph 13 of the answers. State defendants' proposed first amended answers are filed herewith, respectively, as Exhibits A and B. In further support of this motion, State defendants state as follows:

Rule 15 of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to a party to amend its pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court can refuse to grant leave to amend a pleading only where it will result in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

1

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (*citing Foman v. Davis,* 371 U.S. 178, 182 (1962)). Delay alone, however, is insufficient to deny a motion for leave to amend. *Dennis*, 207 F.3d at 525. "Rather, the party opposing the motion must show it will be unfairly prejudiced." *Id*.

As indicated at the summary judgment oral argument on June 8, 2010, State defendants allege that Missouri Revised Statutes §§ 578.501 and 578.502 are preempted in whole or in part for purposes of this case by the federal statute, 18 U.S.C. § 1388, and seek leave to amend their respective answers to assert this additional affirmative defense.

The June 8, 2010, summary judgment hearing was State defendants' first opportunity to bring this issue to the Court's and plaintiff's attention after learning of the defense in preparation for the hearing. And, while not raised in their initial answers, State defendants specifically incorporated "by reference each and every additional defense that may be uncovered or made known during the investigation and discovery in this case" and reserved "the right to state additional affirmative defenses as the same are revealed during the pendency of this matter." Docs. 111 (thirteenth defense); 153 (fifteenth defense); and 154 (thirteenth defense).

Because this motion is made in the interests of justice and not for any improper purpose, plaintiff will not be prejudiced. Moreover, plaintiff will not be prejudiced because the defense of preemption is a legal defense, which will not require any further discovery. While the assertion of this defense may require additional briefing, the Court has set this matter for a bench trial starting August 30, 2010 (Doc. 262). This trial date is over two months away. Any additional briefing on this discrete legal issue could be filed

by the parties before trial.  Indeed, should the Court find it helpful, State defendants will supplement their summary judgment filings to address this argument.

As set forth above, amendment would also allow the answers to reflect plaintiff's voluntary dismissal of Counts V, VI, and IX, defendant Replogle's substitution for defendant Keathley, and the correction of a typographical error in paragraph 13 of the answers, Docs. 111, 153 and 154.  These amendments would serve to clarify the Court's record.

WHEREFORE, State defendants respectfully request leave to amend their previously filed answers, as set forth in attached Exhibits A and B, to include the additional affirmative defense of preemption, to reflect plaintiff's voluntary dismissal of Counts V, VI, and IX and defendant Replogle's substitution for defendant Keathley, and to correct a typographical error in paragraph 13 of their answers, and any such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

By :/s/ *Maureen C. Beekley*
Jeremiah J. Morgan, Mo. Bar # 50387
Deputy Solicitor General
207 West High Street
P.O. Box 899
Jefferson City, MO 65102-0899
Phone: 573-751-3321
Fax: 573-751-0774 (facsimile)
jeremiah.morgan@ago.mo.gov

Maureen C. Beekley, Mo. Bar # 47133
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63188
Phone: (314) 340-6816
Fax: (314) 340-7957 (facsimile)
maureen.beekley@ago.mo.gov

Attorneys for Defendants Koster, Nixon, and Replogle

## CERTIFICATE OF SERVICE

        I hereby certify on this <u>15th</u> day of June, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which effected service on the following:

Anthony E. Rothert
American Civil Liberties Union of Eastern Missouri
454 Whittier Street
St. Louis, MO 63108
Attorney for Plaintiff, Shirley L. Phelps-Roper

Benicia Baker-Livorsi
6 Westbury Drive
St. Charles, MO 63301
Attorney for Plaintiff, Shirley L. Phelps-Roper

Michael G. Berry, LLC
Berry Wilson, LLC
304 East High Street, Suite 100
PO Box 1606
Jefferson City, MO 65102
Attorney for Defendant Mark Goodwin

Ransom A. Ellis, III
Ellis, Ellis, Hammons & Johnson, PC
901 St. Louis Street, Suite 600
Springfield, MO 65806-2505

                                                    */s/ Maureen C. Beekley*
                                                    Assistant Attorney General