**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| SHIRLEY PHELPS-ROPER,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | ) No. 06-4156-CV-C-FJG |
| CHRIS KOSTER, et al.,<br>　　　Defendants. | )<br>)<br>) |

**ORDER**

Pending before the Court are (1) Plaintiff's Second Motion for Summary Judgment (Doc. No. 304) and (2) State Defendants' Second Motion for Summary Judgment (Doc. No. 307). Also before the Court are the parties' additional briefs requested by the Court regarding the merits of the claim that R.S.Mo. § 578.502 is vague (Doc. Nos. 315, 316, and 319). All motions and briefs are as to Count XIV, the only count remaining in plaintiff's Second Amended Complaint (Doc. No. 106).

In plaintiff's motion for summary judgment, she advances two claims under Count XIV. The first, hereinafter referred to as the Section 578.502 claim, attacks R.S.Mo. § 578.502 as being unconstitutionally vague because there is no way for Plaintiff or others to know when the statute's time restriction (one hour before any funeral) begins. As the Court has previously found (Order, Doc. No. 314), this claim was sufficiently pled in plaintiff's second amended complaint, and the Court will reach the merits of this claim. Plaintiff's other claim, hereinafter referred to as the Section 578.503 claim, attacks R.S.Mo. § 578.503 as being unconstitutionally vague because there is no way for Plaintiff or others to know when the conditions of Section 578.503 have been met, and thus no way to know when Section 578.502 takes effect.

**I. Facts**

As it currently stands, this case involves two Missouri statutes enacted in 2006: R.S.Mo. §§ 578.502 and 578.503. In their current versions, the statutes read as follows:

> 578.502. Funeral protests prohibited, when--funeral defined
>
> 1. This section shall be known as "Spc. Edward Lee Myers' Law".
>
> 2. It shall be unlawful for any person to engage in picketing or other protest activities within three hundred feet of or about any location at which a funeral is held, within one hour prior to the commencement of any funeral, and until one hour following the cessation of any funeral. Each day on which a violation occurs shall constitute a separate offense. Violation of this section is a class B misdemeanor, unless committed by a person who has previously pled guilty to or been found guilty of a violation of this section, in which case the violation is a class A misdemeanor.
>
> 3. For purposes of this section, **"funeral"** means the ceremonies, processions, and memorial services held in connection with the burial or cremation of the dead.

R.S.Mo. § 578.502 (emphasis in original).

> 578.503. Contingent effective date
>
> The enactment of section 578.502 shall become effective only on the date the provisions of section 578.501 are finally declared void or unconstitutional by a court of competent jurisdiction and upon notification by the attorney general to the revisor of statutes.

R.S.Mo. § 578.503.[1]

Plaintiff is a member of Westboro Baptist Church (hereinafter "WBC"). Plaintiff and other church members believe that Americans have disregarded the commandments of God by engaging in sin and that God is thus exercising his wrath by killing Americans. In particular, Plaintiff and other members of WBC perceive the homosexual movement as

---

[1] As discussed below, Section 578.501 has been declared unconstitutional by previous orders of this Court and the Eighth Circuit.

especially dangerous. Plaintiff and other members of the WBC express their religious beliefs by engaging in picketing and protesting. Since approximately 1993, Plaintiff and other members of WBC have picketed and protested near funerals of gay persons, persons who died from AIDS, persons whose lifestyles they believed to be sinful but are touted as heroic upon their death, and persons whose actions while alive had supported homosexuality. Since 2005, plaintiff and other members of the WBC have been picketing near the funerals of American soldiers.

Plaintiff indicates that all of her pickets and protests are peaceful and conducted on public streets and sidewalks. Plaintiff testifies she has no desire to disrupt any funeral proceeding or to interfere with ingress to or egress from any location where a funeral is held. She indicates her pickets and protests end when a funeral begins. Plaintiff and other church members have engaged in more than 50,807 pickets, including more than 585 pickets associated with funerals and memorial services.

Plaintiff indicates that, in an attempt to abide by the law, she has contacted local law enforcement officials in advance of planned pickets and protests to determine where and when she may picket without being in violation of Missouri law. Plaintiff's' responses from various government officials from 2006 through 2008 indicate a wide variety of interpretations of Missouri's statutes, including assertions that Section 578.502 would be enforced (when, at the time, Section 578.502 was not in effect). See Doc. No. 305, ¶¶ 25.A. – 25.E; Exhibits, Doc. No. 305-3 through 305-12.

Plaintiff currently argues that the "one hour prior" provision of Section 578.502 is unconstitutionally vague. However, in her deposition held on November 18, 2009,

plaintiff made no mention of the "one hour prior" provision when questioned about her Second Amended Complaint. Doc. No. 207-2, Depo. 144:5-19. Plaintiff indicates she "relies on published schedules to estimate when a funeral or memorial service might begin." Doc. No. 305, ¶ 21. In her deposition, when questioned about how she learns when a funeral is to begin, she testified, "Well, it's always published. That's the only way we can learn it." Doc. No. 207-2, Depo. 143:17-20. In plaintiff's affidavit in support of her motion for summary judgment (Doc. No. 305-2, which was signed July 12, 2013, over three years after close of discovery in this case), plaintiff indicates she "is not notified in advance by any official source when a funeral or memorial service will actually start," (id. at ¶ 11), in her "experience, published starting times for funerals or memorial services are frequently incorrect or changed after publication," (id. at ¶ 13), and because of their inability to "determine, in advance of the start of a funeral or memorial service, when the period 'one hour prior to the commencement of any funeral' will begin," plaintiff and other Westboro members have "refrained from engaging in any pickets before funeral or memorial services at any public place possibly restricted by § 578.502." Id. at ¶ 14.

On January 24, 2009, this Court entered a preliminary injunction prohibiting defendants from enforcing R.S.Mo. § 578.501. (Doc. No. 74; see also Doc. No. 75, amended order). On August 16, 2010, this Court entered an Order finding R.S.Mo. Sections 578.501 and 578.502 unconstitutional under the Free Speech Clause of the First and Fourteenth Amendments of the United States Constitution. Order, Doc. No. 282.

On April 26, 2013, the United States Court of Appeals for the Eighth Circuit

4

affirmed this Court's judgment in part, reversed in part, and remanded for further proceedings. See Phelps-Roper v. Koster, 713 F.3d 942 (8th Cir. 2013). In particular, the Eighth Circuit found Section 578.501 to be unconstitutional under the Free Speech Clause as such statute was not narrowly-tailored. Id. at 951-53. The Eighth Circuit further found the floating buffer zones established by both Sections 578.501 and 578.502 to cover "processions" to restrict substantially more speech than necessary. Id. at 952-53. The Eighth Circuit, however, found that the unconstitutional provision of Section 578.502 regarding "processions" could be severed from the remaining statutory text (Id. at 953-54), making the definition of "funeral" the "ceremonies and memorial services held in connection with the burial or cremation of the dead." Phelps-Roper, 713 F.3d at 953, citing R.S.Mo. § 578.502(3). The Eighth Circuit remanded so that this Court could address plaintiff's alternate challenges that R.S.Mo. § 578.502 violates other federal and Missouri statutory and constitutional law. Id. at 954-55.

On July 15, 2013, this Court entered its Order granting plaintiff's' motion to voluntarily dismiss Counts IV, XII, and XIII of the Second Amended Complaint, leaving only Count XIV of the Second Amended Complaint pending. Also on July 15, 2013, the Missouri Attorney General provided notice to the Missouri revisor of statutes that the Eighth Circuit had declared Section 578.501 unconstitutional. See Doc. No. 308-1.

**II.  Standard**

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are

5

viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

### III. Analysis

#### A. Section 578.502

In their original motions and suggestions (Doc. Nos. 304, 305, 307, 308, 309, 310, 312, and 313), the parties briefly addressed plaintiff's Section 578.502 claim. Plaintiff claimed "there is no objective way to know, in advance, when Section 578.502's restrictions begin . . . because the determination is dependent on a future event . . . that is within the control of third-parties." Doc. No. 305, pp. 11-12. Specifically, plaintiff claimed that because published starting times for funerals are frequently changed (see Doc. No. 305-2, ¶ 13) and because a person conducting a funeral can start early, Section 578.502 fails to give prospective notice of when its restrictions are in effect and is thus unconstitutionally vague. Doc. No. 305, p. 12. Plaintiff further contended that this vagueness is exacerbated by Section 578.502's lack of a *mens rea* requirement because Plaintiff is subject to arrest even if she mistakenly pickets within the forbidden time period. Doc. No. 305, p. 13. Defendants responded by arguing that Missouri's default *mens rea* provisions apply to Section 578.502, thus "a person could only violate § 578.502 if the person purposely or knowingly engaged in picketing or other protest activities at a funeral in violation of the law." Doc. No. 309, p. 6. Defendants claimed this makes Section 578.502 constitutional. In reply, Doc. No. 313, plaintiff argues that it is unclear of Missouri courts would apply the default *mens rea* statutes to Section 578.502. After reviewing the parties' arguments, the Court directed the parties engage in further briefing. See Order, Doc. No. 314.

A law can be impermissibly vague under the due process clause of the Fourteenth

Amendment of the Constitution by 1) failing to provide proper notice of what conduct is prohibited, or 2) authorizing or encouraging arbitrary and discriminatory enforcement. City of Chicago v. Morales, 527 U.S. 41, 56 (1999). "[P]erfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." United States v. Williams, 553 U.S. 285, 304 (2008) (quoting Ward v. Rock Against Racism, 491 U.S. 781, 794 (1989)). "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." Williams, 553 U.S. at 306.

Defendants state that there is no lack of clarity concerning the one hour before restriction, and therefore, plaintiff cannot demonstrate that the statute fails to provide proper notice of the conduct prohibited. Defendants also argue that the statute does not encourage arbitrary and discriminatory enforcement. Defendants note that plaintiff's only argument supporting this claim is speculation that a funeral may start early, and no evidence adduced in this matter (other than plaintiff's self-serving affidavit) supports plaintiff's claim that funerals frequently begin earlier than published times. Defendants state that, given this backdrop, Missouri's default *mens rea* or scienter provisions may apply only if such a speculative claim were to arise. See, e.g., R.S.Mo. §§ 562.021.3, 562.026.

Defendants also note that plaintiff, in her prior correspondence with law enforcement officials, raised no concern regarding the "one hour prior" language; instead, her letters asked about interpretation of the "in front of or about" language from R.S.Mo. §

578.501. In her correspondence, plaintiff always indicated her proposed start and end times for protest (e.g., "from 12:15 p.m. to 1:00 p.m.," Doc. No. 184, Ex. 1-B; "from 1:45 p.m. to 2:30 p.m., "Doc. No. 305, Ex. 2-A), and never indicated concern about when a funeral would begin. Furthermore, in plaintiff's deposition, taken on November 18, 2009, plaintiff testified that her only issue with R.S.Mo. § 578.502 was with the word "processions." Doc. No. 207-2, Depo., 135:4-13:

> Q: So, if I had to – if we had to boil it down to its bareness, really the only problem you have with the actual language of either 501 or 502 is the word processions?
>
> A: As they're written, yes.
>
> Q: As it's written, the only –
>
> A: Yes.
>
> Q: -- problem that you have with 501 – in 501 and 502 is the word processions?
>
> A: I think that's correct.

Later in that same deposition, plaintiff added a concern about the one hour after restriction (Doc. No. 207-2, Depo., 144:5-19), but she never expressed a concern about funerals starting early. Although plaintiff, in her response brief (Doc. No. 316) indicates the reason she did not raise a concern at that time was because Section 578.501 was in effect, the Court agrees with defendants that this is not a compelling argument, as the "one hour prior" language appears in both Sections 578.501 and 578.502.

Defendants also note that identical restrictions were contained in the ordinance and statute (respectively) that were upheld in <u>Phelps-Roper v. City of Manchester</u>, 697 F.3d 678 (8th Cir. 2012) (*en banc*), and <u>Phelps-Roper v. Strickland</u>, 539 F.3d 356 (6th Cir.

2008). Additionally, United States District Court in the Eastern District of Missouri rejected identical claims by plaintiff that a county ordinance was unconstitutionally vague because of the "one hour prior" restriction. Phelps-Roper v. County of St. Charles, No. 4:10cv2232, 2013 WL 4458979 (E.D. Mo., Aug. 20, 2013) (noting "the Court rejects Plaintiffs' argument that Ordinance 10-112 is unconstitutionally vague") (vacated on other grounds by Phelps-Roper v. County of St. Charles, No. 4:10cv2232, 2013 WL 60550108 (E.D. Mo. Nov. 15, 2013) (dismissing state law claims without prejudice)). Plaintiff complains that this decision provides little guidance on the due process issue, as the November 15, 2013 decision simply "concludes that under the new decisions by the Eighth Circuit, that Court would find Plaintiffs' federal constitutional claims without merit, as does this Court." Phelps-Roper v. County of St. Charles, No. 4:10cv2232, 2013 WL 60550108 (E.D. Mo. Nov. 15, 2013). Although the opinion in St. Charles does not provide substantial analysis on this point, the fact that another District Court within the Eighth Circuit has rejected plaintiff's vagueness argument is persuasive to this Court. Plaintiff attempts to distinguish St. Charles because St. Charles law enforcement officials "know of the starting time and would warn [protestors] if they were in violation" of the ordinance, ameliorating some of the due process concerns. See Doc. No. 315, p. 10 (quoting Response of County of St. Charles, 4:10-cv-02232-AGF, Doc. No. 72, p. 14). Plaintiff states that without a warning or *mens rea* requirement, Missouri's funeral protest law creates a strict liability offense, and "a vague law with no mens rea requirement that infringes on a constitutional right 'is subject to facial attack.'" Stahl v. City of St. Louis, 687 F.3d 1038, 1041 (8th Cir. 2013)(quoting Morales, 527 U.S. at 55).

10

After reviewing all the parties' arguments and the relevant law, the Court agrees with defendants that Section 578.502 is not unconstitutionally vague under the due process clause of the Fourteenth Amendment to the United States Constitution. As a preliminary matter, the Court finds that plaintiff has not adduced evidence sufficient to make an "as-applied" challenge to the statute, and her facial challenge to the statute fails as well. The Court agrees with defendants that plaintiff's recent confusion over when a funeral begins is inconsistent with her deposition testimony, which was taken during the Court-ordered discovery period. When plaintiff testifies there is nothing unclear about the statute as to it being enforced from one hour prior to a funeral, then changes her testimony by affidavit submitted approximately four years after the deposition was taken and three years after the close of discovery, the Court cannot give credence to such an affidavit. The Court agrees with defendants that this recent affidavit is "sham testimony" which fails to create a genuine issue of fact as to whether Missouri's funeral protest statute is unconstitutionally vague. See Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365, 66 (8th Cir. 1983). The Court also agrees with defendants that, despite plaintiff's assertion that funerals "frequently" begin before the posted start time, funerals are not "random and spontaneous events," and it is quite doubtful that plaintiff is frequently unable to determine a funeral's start time. See Doc. No. 319, p. 4. Furthermore, there is no evidence before the Court regarding improper enforcement of the "one hour prior" provision of either Section 578.501 or Section 578.502. As noted by defendants, "speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid 'in the vast

majority of its intended applications.'" <u>Hill v. Colorado</u>, 530 U.S. 703, 733 (2000) (quoting <u>United States v. Raines</u>, 362 U.S 17, 23 (1960)).  <u>See also</u> <u>United States v. Williams</u>, 553 U.S. 285, 305-06 (2008) (finding that just because close cases can be imagined does not make a statute unconstitutionally vague).

The Court finds that Section 578.502 provides proper notice of the conduct prohibited, and does not authorize or encourage arbitration or discriminatory enforcement.  Although the statute lacks a *mens rea* requirement, the Court finds that such fact only comes into play if the statute is otherwise vague – and it is not.

Therefore, for the foregoing reasons, Section 578.502 is not unconstitutionally vague under the due process clause of the Fourteenth Amendment to the United States Constitution.  Plaintiff's motion for summary judgment (Doc. No. 304) is **DENIED** on this issue, and defendants' motion to summary judgment (Doc. No. 307) is **GRANTED**.

### B. Section 578.503

Plaintiff argues that R.S.Mo. § 578.503 is unconstitutionally vague.  As previously discussed, a law can be impermissibly vague by 1) failing to provide proper notice of what conduct is prohibited, or 2) authorizing or encouraging arbitrary and discriminatory enforcement.  <u>City of Chicago v. Morales</u>, 527 U.S. 41, 56 (1999).  Plaintiff argues that Section 578.503 is unconstitutionally vague because it fails to give "adequate notice of whether Section 578.502's enactment is effective and, if so, when it became effective. The lack of notice invites . . . arbitrary and discriminatory enforcement . . . ."  Doc. No. 310, p. 6.  Analysis is appropriately limited to this question because Section 578.503 does not prohibit conduct; it simply identifies the conditions that must be met before the

12

enactment of § 578.502 becomes effective.

To avoid arbitrary and discriminatory enforcement, a legislature must "establish minimal guidelines to govern law enforcement." Smith v. Goguen, 415 U.S. 566, 574 (1974). Otherwise, vague statutes allow "policemen, prosecutors, and juries to pursue their personal predilections." Id. at 575. Such minimal guidelines avoid granting too much discretion to police in deciding what constitutes a violation. See Morales, 527 U.S. at 60-61 (finding a statute that prohibited gang members from loitering in public places granted the police too much discretion in deciding what constituted loitering).

Plaintiff argues that Section 578.503 encourages arbitrary and discriminatory enforcement because there is no objective way to know whether its conditions have been met. Doc. No. 305, p. 14. In support of this argument, plaintiff argues that law enforcement officials previously have threatened to enforce Section 578.502 against Plaintiff before either condition of Section 578.503 was met. Doc. No. 305, p. 15. The Court finds, however, that certain law enforcement officials' prior incorrect belief that Section 578.502 was in effect does not make Section 578.503 unconstitutionally vague. There is a difference between statutes like the one in Morales, which encourage arbitrary enforcement because of the broad discretion they grant police, and statutes like Section 578.503, which are merely susceptible to incorrect determinations regarding when their conditions have been met. Section 578.503 does not leave the determination of whether its conditions have been met to police or prosecutor discretion. To the contrary, the two conditions—a court declaring Section 578.501 unconstitutional and the attorney general notifying the revisor of statutes—are specific, discernible events and are not dependent

on something that is largely within the discretion of those charged with enforcement of the statute.

Furthermore, regardless of the beliefs of certain police or prosecutors in 2006 through 2008 (see Doc. No. 305-3 through 305-12), it is clear to this Court that the specific, discernible events mentioned in R.S.Mo. § 578.503 have now happened. The Eighth Circuit declared R.S.Mo. § 578.501 unconstitutional on April 26, 2013, and on July 15, 2013, the Attorney General notified the revisor of statutes that R.S.Mo. § 578.501 had been declared unconstitutional. Therefore, as discussed by defendants, the conditions of Section 578.503 have been met and Section 578.502 is now in effect.

Therefore, for the foregoing reasons, Section 578.503 is not unconstitutionally vague under the due process clause of the Fourteenth Amendment to the United States Constitution. Plaintiff's motion for summary judgment on this issue (Doc. No. 304) is **DENIED**, and defendants' motion to summary judgment (Doc. No. 307) is **GRANTED**.

## IV. Conclusion

Accordingly, for the foregoing reasons: (1) Plaintiff's motion for summary judgment (Doc. No. 304) is **DENIED**; (2) Defendants' motion for summary judgment (Doc. No. 307) is **GRANTED**; and (3) Section 578.502 is now in effect and enforceable, as modified by the Eighth Circuit in Phelps-Roper v. Koster, 713 F.3d 942 (8th Cir. 2013); and (4) the pending action is **DISMISSED**.

**IT IS SO ORDERED.**

Date: March 10, 2014            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                                        United States District Judge