**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| SHIRLEY PHELPS-ROPER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4156-CV-C-FJG |
| | ) | |
| CHRIS KOSTER, et al., | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court are (1) the Parties' Consent Motion for Order that Plaintiff's Motion for Attorneys' Fees Have the Same Effect under Federal Rule of Appellate Procedure 4(a)(4) as a Timely Motion Under Federal Rule of Civil Procedure 59 (Doc. No. 326); (2) Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. No. 325); and (3) Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 330).

As an initial matter, the parties' consent motion to have plaintiff's motion for attorneys' fees have the same effect under F.R.A.P. 4(a)(4) as a timely motion under Rule 59 (Doc. No. 326) will be **GRANTED**, pursuant to Fed. R. Civ. P. 58(e).

**I.      Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 330)**

Plaintiff seeks to have the judgment in this case (Doc. No. 322) altered or amended to incorporate this Court's holding that Section 578.501 is unconstitutional and may not be enforced and to clarify that Plaintiff's due process claim (Count XIV) is dismissed, as opposed to the entire case.  Plaintiff is concerned that the final judgment does not incorporate into it the Court's prior holding, that Section 578.501 is unconstitutional and may not be enforced, and appears to leave this Court without jurisdiction to enforce its decisions in favor of plaintiff.  In particular, plaintiff cites to case law from the Eighth

Circuit holding that where a case is dismissed, the district court has no authority to enforce the terms of a settlement that resulted in the dismissal. <u>Christina A. ex rel. Jennifer A. v. Bloomberg</u>, 315 F.3d 990, 993 (8th Cir. 2003). Further, plaintiff argues that a press release from the Attorney General's office reported that the Court's March 10, 2014 judgment "lifted the injunction against enforcing the law that has been in place since January 2009," when the only law for which enforcement was enjoined in 2009 is Section 578.501, and that statute remains unconstitutional and unenforceable.

In response, defendants assert that Rule 59(e) motions to alter or amend judgment "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." <u>B.M. ex rel. Miller v. South Callaway R-II School Dist.</u>, 2012 WL 5818001, *1 (W.D. Mo. 2012) (quoting <u>U.S. Metro. St. Louis Sewer Dist.</u>, 440 F.3d 930, 933 (8th Cir. 2006)). Defendants argue that there is no manifest error of fact or law here. Plaintiff does not mention a manifest error of fact or present newly discovered evidence, and presumably plaintiff's motion is based on a manifest error of law. However, defendants note that retention of jurisdiction to enforce ruling is highly unusual, and plaintiff cites to no cases in support of such a general power. Furthermore, the fact that plaintiff believes this judgment might cause confusion is not a sufficient reason to alter the judgment; defendants assert that the Court's judgments are perfectly clear, including holding that R.S.Mo. § 578.501 is unconstitutional (Doc. Nos. 282, 283), which decision was affirmed by the Eighth Circuit (Doc. No. 299), and the Court's subsequent judgment that "Section 578.502 is now in effect and enforceable, as modified by the Eighth Circuit in <u>Phelps-Roper v. Koster</u>, 713 F.3d 942 (8th Cir. 2013)" is correct.

In reply, plaintiff argues that the March 10, 2014 judgment omits that Section 578.501 is unconstitutional, which plaintiff argues creates an ambiguity. Plaintiff argues that, while the Court's decisions are clear, neither the 2010 judgment (Doc. No. 283) nor the 2014 judgment (Doc. No. 322) states that section 578.501 is unconstitutional or unenforceable.

Upon review of this motion, the Court believes that plaintiff is not entitled to the relief requested, given that the orders of the Court are clear and unambiguous. The Court's most recent judgment (Doc. No. 322), moreover, incorporates the opinion of the Eighth Circuit, which affirmed the Court's decision finding Section 578.501 unconstitutional. Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 330) is **DENIED.**

## II.    Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. No. 325)

Plaintiff has moved for attorneys' fees following the conclusion of this case, arguing she is the prevailing party in this civil rights action. Defendants Koster and Nixon oppose.

### A.    Background

Missouri's funeral protest statute was enacted in 2006. In July 2006, plaintiff filed the pending action (originally alleging 9 counts, including 6 counts against the state defendants (Nixon and Koster)), and a motion for preliminary injunction. Plaintiff claimed that the funeral protest statutes (R.S.Mo. §§ 578.501 and 578.502) violated her free speech rights (counts I and II), the Free Exercise Clause of the Constitution (counts III and IV) and her freedom of association under the First Amendment (counts V and VI).

This court initially denied plaintiff's request for a preliminary injunction on January 26, 2007, finding that there was a substantial governmental interest in protecting mourners. An interlocutory appeal was taken, and a panel of the Eighth Circuit reversed the denial of the preliminary injunction, finding that plaintiff was likely to prove that any interest the state had in protecting funeral mourners from unwanted speech was outweighed by the First Amendment right to free speech. The defendants then filed a petition for rehearing, and rehearing was held in abeyance pending resolution of another case. Subsequently, the panel granted rehearing, issued a new opinion, and again reversed denial of the preliminary injunction. The defendants filed another petition for rehearing, which was denied. Then, defendants filed a petition for writ of certiorari, which the Supreme Court denied. Upon remand (in January 2009), the Court entered a preliminary injunction prohibiting defendants from enforcing the funeral protest statute.

Upon remand, the plaintiff amended her complaint twice, adding a total of five more counts (including three more against the state defendants), bringing the total to fourteen counts. The three claims added against the state defendants included a claim for violation of Missouri law (count XII), a claim for violation of the Missouri Constitution's separation of powers (count XIII), and a claim for violation of the Due Process Clause (count XIV). The Court denied the state defendants' motion to dismiss, and the remaining parties engaged in discovery. After discovery closed, cross motions for summary judgment were filed. The Court heard oral argument on the cross-motions in Kansas City on June 8, 2010. At oral argument, defendants introduced a new defense, and moved for leave to file an amended answer to add a preemption defense. The

motion was denied. Plaintiff filed witness lists, exhibit lists, deposition designations, voir dire, jury instructions, motions in limine, and trial brief. Plaintiff also objected to defendants' similar filings. Shortly before trial, plaintiff moved to dismiss certain counts (Docs. 175 and 182), stipulated to dismissal of other counts (Doc. No. 195) and entered into consent judgments with the non-State defendants (Doc. Nos. 279-81). On August 16, 2010, the Court entered an order granting in part and denying as moot in part plaintiff's motion for summary judgment, finding the funeral protest statutes to be unconstitutional infringement on plaintiff's First Amendment free speech rights. Thus, the Court granted relief on Counts I and II of plaintiff's second amended complaint, and denied the rest of the relief requested by plaintiff against the state defendants as moot.

On appeal, the Court of appeals reversed its previous position and held that the State "has shown a significant government interest in protecting the peace and privacy of funeral attendees for a short time and in a limited space so that they may express the respect they seek to accord to the deceased person who was once their own." Phelps-Roper v. Koster, 713 F.3d 942, 951 (8th Cir. 2013). The state argues that this was a significant victory for them and had been argued from the beginning of the case. Plaintiff, however, succeeded on appeal as to her arguments that the terms "in front of or about" (in Section 578.501) and the portion of the definition of "funeral" that contained "processions" (in both Sections 578.501 and 578.502) were not narrowly tailored. On this basis, the Eighth Circuit found Section 578.501 to be an unconstitutional infringement on free speech rights protected by the First Amendment. The Eighth Circuit, however, severed "processions" from 578.502, preserving Missouri law placing a reasonable time,

place, and manner restriction on funeral protests. The Eighth Circuit remanded for consideration of plaintiff's other challenges to § 578.502, and on cross motions for summary judgment, this Court recently found that § 578.502 may be enforced as construed by the Court of Appeals.

B.     Plaintiff's Request for Attorneys' Fees and Expenses

Plaintiffs argue they are the prevailing party for purposes of 42 U.S.C. §§ 1983 and 1988, and thus seek attorneys' fees. Plaintiffs seek attorneys' fees in the amount of $298,821.25 and expenses in the amount of $4,044.30.

1.     Standard

Under 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of section[] . .   . 1983 . . .  of this title . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." The amount of the fee "must be determined on the facts of each case." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). First, however, "[a] plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988." Id. at 433. "The standard for making this threshold determination has been framed in various ways." Id. "A typical formulation is that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id. Furthermore, the relief must "'materially alter[] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Doe v. Nixon, 716 F.3d 1041, 1048 (8th Cir. 2013) (quoting Advantage Media, L.L.C., v. City of Hopkins, Minn., 511 F.3d 833, 836 (8th

Cir. 2008)); <u>see also</u> <u>Farrar v. Hobby</u>, 506 U.S. 103, 111–12, (1992).

      2.     Analysis

          a.     Prevailing Party

Plaintiff indicates she is the prevailing party because, prior to the filing of this lawsuit, plaintiff was subject to R.S.Mo. § 578.501, and plaintiff succeeded in obtaining a judicially enforceable determination that § 578.501 is unconstitutional, a finding that was affirmed on appeal. Section 578.502 only became effective in 2013 after plaintiff succeeded on the merits of her claim against § 578.501, and the Attorney General notified the Revisor of Statutes of this fact. Thus, plaintiff indicates she changed the relationship between the parties and is entitled to attorneys' fees on that basis.

Plaintiff acknowledges she did not receive all the relief sought in the second amended complaint, but argues that a reduction for partial success may not be warranted where the lawsuit involved "a common core of facts" or was "based on related legal theories." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983). In such a case, the Supreme Court has indicated "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." <u>Id.</u> Plaintiff indicates she recognizes the lack of success in her final claim, but states that lack of success is attributable to her success in other aspects of this case, as the enactment of Section 578.502 would not have happened had plaintiff not prevailed on her claims against Section 578.501. Plaintiff argues that, "[s]hould a less than fully compensatory fee be appropriate, then the discernable time for a non-prevailing claim is that associated with

the briefing on the vagueness claim after the most recent remand from the Eighth Circuit. That constitutes 38.7 hours (36.4 hours for Mr. Rothert and 2.3 hours for Mr. Doty--See Ex. 1-A and Ex. 3-A) and, if deducted from the lodestar, would lower the appropriate award of fees by $12,405.00 to $286,416.25."   Doc. No. 326, pp. 11-12.

In opposition to the motion for attorneys' fees, defendants argue that the fees and costs should either be denied or apportioned in accordance with the degree of success in this matter.   Defendant states that after 8 years of litigation and two appeals, this Court and the Eighth Circuit have effectively returned to where the state of Missouri started - making it constitutional to place reasonable limits on funeral protest activities. Defendants argue that although the scope of the funeral protest statutes has been narrowed, the behavior of the parties is not changed and plaintiff lost on most of her arguments. Defendants argue that of the fourteen counts alleged against multiple defendants, plaintiff can only argue that she prevailed on one or at most two counts.   "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Hensley, 461 U.S. at 440. This is true "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained." Id. at 436.

Defendants state that, under these circumstances, plaintiff cannot claim a total victory, and at best can demonstrate that she clarified a portion of Missouri law of which she has never run afoul.   Defendants state that, since Missouri law still constitutionally

restricts Plaintiff in her funeral protest activities, it is impossible to say that she received relief that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." <u>Doe v. Nixon</u>, 716 F.3d 1041, 1048 (8th Cir. 2013). Defendants argue, therefore, that plaintiff's request for attorneys' fees should be denied in full.

In reply, plaintiff notes that she succeeded in permanently changing the law, and notes that prior to her lawsuit, she had to contact local law enforcement in advance of planned pickets to determine where she would be able to picket without being in violation of Section 578.501 (and received a wide variety of answers in the process, including that section 578.502, which was not yet in effect, would be enforced. Upon consideration, the Court agrees that plaintiff is a prevailing party, and should be entitled to an award of a reasonable amount of attorneys' fees.

b.      Calculation of Lodestar Amount

With respect to the lodestar amount, plaintiff notes that this is reached by multiplying the number of hours reasonably expended by the attorneys' reasonable hourly rates. Plaintiff had three attorneys on her project: Anthony Rothert (who billed $325 per hour), Benicia Baker-Livorsi (who billed $275 per hour) and Grant R. Doty (who billed $250 per hour). Plaintiff notes that Rothert and Doty are experienced in the area of constitutional law, and Baker-Livorsi discounted her rate by almost 10% to account for her relative inexperience in 1st Amendment litigation. Plaintiff cites to other cases within the Eighth Circuit where similar (or higher) rates have been found appropriate for 1st Amendment litigation. Plaintiff also notes that Judge Laughrey recently approved an

hourly rate of $325 for Rothert and $250 for Doty (<u>Barrett v. Claycomb</u>, 2:11-CV-04242-NKL, 2013 WL 6920860, *2-*3 (W.D. Mo. Dec. 9, 2013)).

Plaintiff's counsel's billing records reflect a combined 976.75 hours of work on this case over the past eight years.   Counsel indicate the lodestar is $304,031.25; however, they have reduced their time by 18.9 hours to reflect time conferring with one another or work that was unnecessary or redundant.   Counsel further indicate they did not submit law clerk or paralegal time for reimbursement (although noting that their use of law clerks and paralegals reduced the number of attorney hours required for this case and the hours for which reimbursement is sought).   A brief table of hours/rates appears below:

|  | <u>Hours</u> | <u>Rate</u> | <u>Total</u> |
|---|---|---|---|
| Anthony E. Rothert | 728.3 | $325.00 | $236,697.50 |
| Benicia Baker-Livorsi | 189.45 | $275.00 | $52,098.75 |
| Grant R. Doty | 40.1 | $250.00 | $10,025.00 |
|  |  | <u>Total</u>: | **$298,821.25** |

Plaintiff also seeks expenses incurred in the prosecution of this case, and itemizes expenses of $4,044.30.   (Notably, defendants do not state any opposition to the expenses sought.)

Defendants raise no arguments that the hourly rates or the number of hours are inflated or unnecessary.   Instead, defendants argue that even if the Court finds plaintiff to be a prevailing party, that fact still does not answer what the Supreme Court has called the most critical factor – the degree of success obtained.   <u>Hensley</u>, 461 U.S. at 436. Defendants state that in the context of this entire case, plaintiff can only argue that she

succeeded on two of fourteen counts, and still remains subject to Missouri's funeral protest law.   Defendants state that this degree of success is not consistent with receiving all the fees requested, considering that Missouri law still restricts funeral protest activities in virtually the same way as it did before the lawsuit was filed.   Defendant notes that in a similar Sixth Circuit Case, Phelps-Roper v. Strickland, 539 F.3d 356 (6th Cir. 2008), the parties agreed to and the district court approved a total award of $10,000 for attorneys' fees for work both at the trial and appeal levels.   The defendants acknowledge that the present case involved a longer time period and more litigation/briefing than the Sixth Circuit case, but state that the degree of success in the present case does not justify an award of attorneys' fees and costs 30 times that of the Sixth Circuit case (where the end result was the same).

Plaintiff replies that no across-the-board reduction of the lodestar is appropriate, as (1) there have been no excessive billings in this case; and (2) Phelps-Roper's case involved a common core of facts and related theories, and although she pled under numerous theories, the gravamen of her case was a challenge to two statutes that prevented her from engaging in a protected speech activity, and she prevailed against both statutes.   With respect to the Sixth Circuit case (Phelps-Roper v. Strickland, 539 F.3d 356 (6th Cir. 2008)), plaintiff notes the case followed a much different procedural path than the present case.   The Sixth Circuit case was filed on August 24, 2006, was decided on cross motions for summary judgment less than seven months later (where the district court severed the portion of the statute related to funeral processions), and the result was affirmed on appeal in 2008.

Upon consideration of the arguments raised by the parties, the Court finds that the Lodestar amount is **$298,821.25**, as calculated by plaintiff. The Court finds, however, that plaintiff should not be awarded the entire amount as her attorneys' fee in this case, as some reduction should be made to account for her lack of complete success on her claims. The Court finds that a fair way to calculate plaintiff's reasonable fees is to allow plaintiff full fees from 2006 until January 2009 (the date of remand of the Eighth Circuit upon plaintiff's initial appeal), given that the preliminary injunction briefing and the appeal of the denial of preliminary injunction were all based on Section 578.501, which was ultimately found to be unconstitutional (a finding upheld by the Eighth Circuit). This amounts to **$65,325.00** for attorney Rothert (201 hours X $325), and **$17,201.25** for attorney Baker-Livorsi (62.55 hours X $275). The Court finds that for the remaining time spent on the matter after January 2009, plaintiff should be awarded fees based on her level of success. The Court finds that this amount should be reached by awarding 2/14 of the remaining fees sought (as plaintiff ultimately prevailed on two of fourteen claims in her second amended complaint). 2/14 of the remaining fees sought ($216,295.00) is **$30,899.29**. Therefore the Court awards reasonable attorneys' fees in the total amount of **$113,425.54**. Plaintiff is also awarded reasonable expenses in the amount of **$4,044.30**.

III.  **Conclusion**

Therefore, for the foregoing reasons:

(1)      the Parties' Consent Motion for Order that Plaintiff's Motion for Attorneys' Fees Have the Same Effect under Federal Rule of Appellate Procedure

4(a)(4) as a Timely Motion Under Federal Rule of Civil Procedure 59 (Doc. No. 326) is **GRANTED**;

(3)      Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 330) is **DENIED**; and

(3)      Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. No. 325) is **GRANTED IN PART**, with the Court awarding reasonable attorneys' fees in the total amount of **$113,425.54** and reasonable expenses in the amount of **$4,044.30**.

**IT IS SO ORDERED.**

Date: <u>September 2, 2014</u>               <u>**S/ FERNANDO J. GAITAN, JR.**</u>
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                  United States District Judge